STATE DEPARTMENT OF PUBLIC HEALTH AND WELFARE, Appellant,

v.

Thomas R. JENNINGS, Respondent.

No. 25568.

Kansas City Court of Appeals, Missouri.

Dec. 7, 1970.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 1, 1971.

Application to Transfer Denied April 12, 1971.

Elmore G. Crowe, Chief Counsel, Edward D. Summers, Senior Counsel, Jefferson City, for appellant.

E. J. Murphy, Butler, for respondent.

MAUGHMER, Commissioner.

The State Department of Public Health and Welfare appeals from the judgment of the Circuit Court remanding the Director's decision dated January 28, 1970, which denied the claim of Thomas R. Jennings, Respondent, for Old Age Assistance benefits.

Thomas R. Jennings, a resident of Bates County, Missouri, is aged, infirm, and since June, 1968, has been living at Pine Tree Rest Home, Butler, Missouri. On October 16, 1968, his application for Old Age Assistance benefits was denied after the usual investigation. He duly appealed from that decision and a hearing before a referee was held on January 23, 1969. This hearing again resulted in a denial. On further appeal and under date of February 18, 1969, the director of the department denied the claim. The basis of these denials was that "claimant was ineligible when his application was rejected".

Section 208.010, V.A.M.S. contains some provisions which are applicable to this claim. We quote:

"2. Benefits shall not be payable to any claimant who: (1) (a) Has, or whose spouse with whom he is living has, * * * transferred real or personal property, of which he is the record or beneficial owner, or any interest therein of any value within five years preceding the date of the investigation without receiving fair and valuable consideration. * * *

"(b) * * * provided that in the discretion of the division of welfare a claimant may become eligible to receive benefits if the * * * property assigned, conveyed, transferred, or property of equal value, is reconveyed or its equivalent value returned to the claimant, * * *.

* * * * * *

"(3) Owns or possesses cash or securities in the sum of one thousand dollars or more; * * *."

This denial of February 18, 1969, was based upon two "Findings of Fact" made by the director, the correctness of which is not disputed: The first is that claimant was the owner of a town lot valued at $1,000.00, which was conveyed by him and his wife, to claimant's sister Ella Wilt, and her husband, for the recited consideration of one dollar. We shall designate this piece of property hereinafter as tract No. 1. Claimant also transferred a bank deposit of $1,000.00 to his sister Ella Wilt, in consideration of "care" which she had allegedly furnished to him. The statute does not, insofar as Old Age Assistance is concerned, recognize care and support furnished by relatives as "fair and just consideration" for the

transfer of a claimant's property. The second basis of denial concerned a town lot which we shall refer to as tract No. 2. Claimant and his then wife, Margie Jennings, on January 4, 1967, for the recited consideration of "One dollar and love and affection" conveyed this property to Mrs. Jennings' daughter. It was reasonably valued at $6,500.00, but was the sole property of claimant's wife Margie Jennings. This tract No. 2 had been acquired by Mrs. Jennings and her former husband James H. Storms. Title by the entirety was held by Margie and James Storms. Mr. Storms died and so the property passed absolutely to his wife who later married claimant. The claimant's only interest in this property was the possibility of inheritance if he survived his wife and she still owned the property at that time. The director's Findings of Fact also recited that claimant "suffered a stroke of paralysis about March 24, 1966, and has been cared for in the home of grantee (Ella Wilt) for the past fourteen months." This apparently refers to a period prior to May 8, 1967, the date on which the $1,000.00 bank account was transferred.

From the record filed in this court it appears that an appeal or application to review the director's first decision—the one dated February 18, 1969—was filed in the circuit court. In any event, the judge's docket for the circuit court of Bates County, Missouri, has a page devoted to this case. A photostat of that page is filed herein and contains the following entry under date of November 14, 1969: "Motion to dismiss sustained—the defendant agreeing to grant plaintiff an administrative hearing as soon as reasonably possible."

Appellant has favored us with a compilation entitled "Appeals and Complaints". This document appears to be a list of the administrative rules and procedures under which the division operates. On page 10 we find this direction, "If, following the filing of an appeal, there is a change in circumstances which becomes known to the county office, a *reapplication should be taken or a reinvestigation should be made * * *.*"* (Italics ours.) We assume such a reinvestigation would lead to a redetermination if the newly discovered or changed circumstances so required.

Thereafter, after due notice, and on January 22, 1970, what was described in the report as an administrative hearing was held at the county welfare office in Butler, Missouri, before C. J. Quimby, Referee. Mr. Edward J. Murphy, attorney, appeared for the claimant who was still a domiciliary patient at the Pine Tree Rest Home. No appearance was listed for the Division of Welfare. We are not quite sure whether this was a rehearing on the original claim pursuant to the apparent agreement therefor, as reflected by the entry in the circuit judge's docket from which we have quoted, or whether it should be treated as a new claim for benefits. We think this does not make a great deal of difference as we would reach the same conclusion under either contingency.

At this last hearing, the claimant called two witnesses, namely, Margaret Solomon, caseworker for the welfare office, and Ida Sliffe, a sister of claimant. The referee placed in evidence the February 18, 1969 decision of the director. The referee then stated that the only evidence admissible at the hearing before him would be that the land or the bank deposit (which the director's decision found were transferred without adequate consideration) "has been restored to claimant" and that any other evidence would be inadmissible because it "had become res judicata" because of the director's decision of February 18, 1969.

Although the referee refused to allow formal offers of proof, claimant was permitted to state what he proposed to prove. We shall treat these proposals, which we now list, as offers of proof.

1. Claimant had no right, title or beneficial interest in or to tract No. 2, which was the sole and separate property of his wife Margie Jennings; that his said wife had now divorced him and any contingent

right of inheritance to said property was thereby eliminated and that it is improper to charge any part of this tract, valued at $6,500.00, against claimant's right to Old Age Assistance benefits.

2. Tract No. 1 has since been sold for $600.00 cash and this sum expended for care of claimant in the Pine Tree Rest Home.

3. The $1,000.00 bank deposit has also been expended to pay for care of claimant in the Pine Tree Rest Home.

4. That it clearly appears claimant has not, as of this date, transferred property in excess of $1,000.00 without fair and adequate consideration, and is therefore entitled to be placed on the rolls.

The circuit court directed the director to reinstate petitioner "on the public welfare rolls of this state as of the date of the application". Presumably this would be as of the date of the original or first application.

Clearly, on the merits and under the rules of fair play, in our opinion, claimant is now and was at the time of the last hearing before the referee on January 22, 1970, entitled to receive Old Age Assistance benefits. In March, 1966, claimant suffered a stroke and since June, 1968, has been cared for at the Pine Tree Rest Home. At the time he suffered the stroke his worldly goods, under the evidence here, consisted of a savings account of $1,000.00 and a town lot valued at $1,000.00, plus a possible right of inheritance to part of a town lot which was the sole property of his then wife. These were deeded away or transferred without proper consideration and resulted in his being denied benefits as of February 18, 1969. We do not disagree with the result reached on this earlier date. However, prior to the hearing on January 22, 1970, his wife divorced him and his rather mythical potential share in her real estate (tract No. 2) became absolutely nil even if it had not been conveyed, because Mrs. Jennings was no longer his wife and there was not even a remote possibility of his ever coming into a share of this property. Tract No. 1 had been sold for $600.00 and the $1,000.00 bank deposit had been returned, or at least both items had been used to pay for claimant's care at the rest home. This does not appear to be a case where someone has disposed of his property fraudulently in order to qualify for Old Age benefits. It seems to us, rather to be an instance where the Division of Welfare —unintentionally of course—has become entangled in the technical requirements of the statutes and its own elaborate rules.

We believe that the decision reached by the director on February 18, 1969, in evaluating the claim for benefits which was filed in June, 1968, was and is correct for two reasons. First, claimant had transferred without fair and adequate consideration tract No. 1 valued at $1,000.00, and the bank account of $1,000.00, and second, his spouse had transferred property which she owned and which was valued at $6,500.00 without receiving fair and adequate consideration. In our opinion, under the statute, and the parts of it which we have quoted hereinabove, claimant's application was at that time properly denied.

However, it does not follow that he could never thereafter be placed on the rolls or that the department should not reconsider his application in the light of changed circumstances, if such there were. The rules and regulations from which we have quoted (supra) so provide and common sense so dictates. Section 208.010, subd. 2(1) (b), supra, specifically declares that "in the discretion of the division of welfare a claimant may become eligible to receive benefits if the * * * property assigned, conveyed, transferred, or property of equal value, is reconveyed or * * * returned * * *."

We believe and hold that the referee erred in refusing to permit claimant to make the proof which was offered in his behalf at the hearing on January 22, 1970. No finding or judgment can be res judicata

as to anything except that which it did decide or which it could have decided as of the date on which it was made. Of course, for example, a judgment in a suit on a promissory note, which becomes final, is res judicata even where there is newly discovered evidence (in the absence of fraud or lack of jurisdiction). The case here, though, is more like a divorce case where the findings at the time are, of course, final and cannot be relitigated. However, where circumstances change, a motion or suit to modify is appropriate. A claimant may not be able to qualify today, but tomorrow he may be able to do so. The specific provision of Section 208.010, subd. 2(1) (b), supra, to the effect that the director "in his discretion" may declare a claimant eligible if property of equal value has been returned, is applicable. We are agreeing insofar as this opinion is concerned, that the director's decision of February 18, 1969, was proper. However, at the later hearing, evidence was offered which, if actually developed, would show that the conditions which caused claimant's application to be denied originally, no longer existed. As of January 22, 1970, claimant was not chargeable with tract No. 2 because this property belonged to his former wife, and at the time of the second hearing in truth and in fact he had not an iota of interest, contingent or otherwise, in the property. Respecting the second ground on which the original denial was based, the $1,000.00 tract which he owned, had been sold for $600.00 and the money used to pay for his keep, not to a relative, but to the rest home where he had been living. The same is true with respect to the $1,000.-00 bank deposit. This proffered testimony should have been heard, and if the evidence developed, as the claimant has contended in his offer of proof, then he should have been reinstated on the Old Age Assistance rolls as of January 22, 1970, the date of the second hearing. A denial of the claim in the face of this evidence would not be based upon any substantial evidence and would be a decision that was arbitrary, unreasonable and capricious. It would also,

in our opinion, in the face of such proof, be arbitrary and capricious for the director not to exercise his discretion in claimant's favor and place him on the rolls as authorized by Section 208.010, subd. 2(1) (b).

The judgment of the circuit court, as modified by this opinion, is affirmed and the cause remanded with directions to remand to the Department of Welfare with directions to hold a new hearing, receive the evidence which has been referred to in this opinion and any other pertinent evidence which might be offered, and if the proof is in conformity therewith, to enter a finding for claimant as of January 22, 1970.

PER CURIAM:

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.