AAA BAIL BOND COMPANY *v.* STATE of Arkansas

94-704                                         891 S.W.2d 362

Supreme Court of Arkansas
Opinion delivered January 23, 1995

*Robert S. Blatt*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, AAA Bail Bond Company, appeals an order of bail bond forfeiture and partial

remittance entered by the Sebastian County Circuit Court against it as surety on its bail bond agreement respecting Michael Lee Varnardo as bond principal following Varnardo's nonappearance before the circuit court at a required hearing. Appellant argues the judgment is invalid because, pursuant to Ark. Code Ann. § 16-84-201(c) (Supp. 1993), no forfeiture judgment may be entered against it on the facts of this case. Jurisdiction of this appeal is properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(3). We agree with appellant's argument and reverse the trial court's judgment.

The facts of this case are not in dispute. Varnardo entered a plea of *nolo contendere* to one felony count of theft of property, with respect to which the circuit court, by its order entered on February 9, 1993, withheld imposition of sentence on condition of Varnardo's good behavior and other written terms and conditions as set out by the court. On April 28, 1993, the prosecuting attorney filed a petition to revoke, alleging Varnardo's failure to comply with the terms of the order. On the same date, a bench warrant issued for Varnardo's arrest and for his admission to bail in the sum of $2,000.00, and was returned by the Sebastian County Sheriff, dated May 27, 1993, stating Varnardo had been served and was bonded by appellant. On October 11, 1993, a hearing on the petition to revoke was scheduled before the circuit court, but Varnardo failed to appear.

By its order entered on February 25, 1994, the circuit court issued an arrest warrant for Varnardo for his failure to appear at the October 1993 court hearing, and summonsed appellant to show cause why the court should not order a judgment of bond forfeiture against it in the amount of $2,000.00. The show cause order cited as its statutory authority "Ark. Code Ann. 16-84-401 (Act 417 of 1989)." The order/summons was served on appellant on February 28, 1994. On March 15, 1994, appellant filed a "Statement of Arrest and/or Surrender" setting forth a body receipt for Varnardo signed by the Crawford County Sheriff's Office, dated March 14, 1994.

The show cause hearing was conducted on April 6, 1994. The only evidence abstracted therefrom is the testimony of Chris Keeton, appellant's local representative, who stated that he made bond for Varnardo, that the only written notice of the "alleged

show cause notice" was a writing filemarked "February twenty-fifth," and that he surrendered Varnardo to the Crawford County Jail on March 14, 1994. On cross-examination, Keeton testified that he had actual knowledge in October 1993 of defendant's failure to appear for the scheduled hearing that month on the petition to revoke. By its order entered on April 8, 1994, the circuit court ordered an original bond forfeiture of $2,000.00 in favor of the State of Arkansas and that the sum of $500.00 should be remitted from the forfeiture. This appeal is taken from that order.

Appellant's sole argument is that section 16-84-201(c) controls this case and precludes entry of a judgment of bond forfeiture on these facts. Section 16-84-201 provides in pertinent part, as follows:

(a) If the defendant fails to appear for trial or judgment, or at any other time when his presence in court may be lawfully required, . . . the court may direct the fact to be entered on the minutes, and shall issue an order requiring the surety to appear, on a date set by the court not less than ninety (90) days nor more than one hundred twenty (120) days after the issuance of the order, to show cause why the sum specified in the bail bond . . . should not be forfeited. . . .

. . . .

(c) If the defendant is surrendered, arrested, or good cause is shown for his failure to appear before judgment is entered against the surety, the court shall exonerate a reasonable amount of the surety's liability under the bail bond. *However, if the surety causes the apprehension of the defendant, or the defendant is apprehended within one hundred twenty (120) days from the date of receipt of written notification to the surety of the defendant's failure to appear, no judgment or forfeiture of bond may be entered against the surety, except as provided in subsection (e) of this section.*

. . . .

(e) [Not applicable to the instant case.] [Emphasis added.]

Comparing the terms of the second sentence of section 16-84-201(c) with the facts of this case, appellant's sole argument is that the first written notice of Varnardo's failure to appear at the October 1993 hearing was received by appellant on February 28, 1994, that within 120 days thereafter Varnardo was apprehended, and that a plain reading of the statute then requires that no bond forfeiture judgment may be entered against appellant. We agree.

A short review of the history of section 16-84-201(c) is useful. Until 1989, the statutory predecessor to our present section 16-84-201(c) provided that in an action by the state on a bail bond against the surety, the trial court had discretion to remit the whole or a part of the amount specified in the bond agreement if the defendant was surrendered or arrested prior to entry of the forfeiture judgment against the surety. Section 16-84-205 (1987) (formerly Ark. Stat. Ann. § 43-729).

In 1989, however, the General Assembly amended this provision to require the trial court to exonerate a reasonable amount of the surety's liability under the bail bond if, prior to entry of the judgment against the surety, the defendant was surrendered, arrested or good cause was shown for his nonappearance. Act 417 of 1989, § 1, Subchapter 4 (codified as section 16-84-201(c) (Supp. 1989)).

In 1991, the General Assembly again amended section 16-84-201(c) to add a new second sentence to provide that, after the defendant's nonappearance, if the surety caused the apprehension of the defendant or *the defendant was apprehended within 120 days from the date of his failure to appear, no judgment or forfeiture of the bond could be entered against the surety*, except as provided in subsection (e) of the statute. Act 991 of 1991, § 1.

Finally, in 1993, the General Assembly most recently amended section 16-84-201(c) to read in its current form. The 1993 amendment revised the second sentence of subsection (c) to provide that if the surety caused the apprehension of the defendant or the defendant was apprehended within 120 days *from the date of receipt of written notification to the surety of the defendant's failure to appear,* no judgment or forfeiture of bond could be entered against the surety, except as provided in subsection (e) of the statute. Act 841 of 1993, § 1. The provisions of Act 841

became effective in August 1993, shortly before Varnardo's failure to appear at the scheduled October 1993 court hearing which resulted in the disputed bond forfeiture order.

Appellee argues that inasmuch as appellant admits it had actual knowledge of defendant's nonappearance as early as October 1993, the statutory written notification requirement was "substantially complied with;" hence, appellant should not be permitted to utilize the statute to avoid its bond liability. Appellee also argues that the General Assembly's intent with respect to the written notification amendment was to inform sureties who would otherwise be unaware of the nonappearance of the bond principal; hence, as appellant had actual notice of Varnardo's nonappearance, the intended statutory protection for this surety was not necessary. We find appellee's arguments, for which it recites no authority, are not persuasive in view of the statute's clear and express requirement that written notification of Varnardo's nonappearance be given to appellant to commence the 120-day period.

The trial court's order is reversed and remanded for the trial court to enter an order in accordance with this opinion.