HOLT BONDING COMPANY, Inc. *v.* STATE of Arkansas

96-1416                                             942 S.W.2d 834

Supreme Court of Arkansas
Opinion delivered April 21, 1997

*Price Law Firm*, by: *Robert J. Price*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kelly Terry*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. In 1993, Carl Ford was charged with theft, and while his charges were pending, he was released upon appellant Holt Bonding Co., Inc., having issued a $5,000.00 appearance bond. Ford failed to appear in court at a pretrial-status hearing on May 2, 1994, and a show-cause hearing on June 6, 1994. As a consequence, the prosecuting attorney, on February 16, 1995, filed a motion to forfeit Holt Bonding Company's bond, but the motion bore no certificate of service on the Company. On April 4, 1995, the trial court ordered the bond forfeited.

On July 12, 1995, the prosecutor filed another motion (again without a certificate of service), stating the bonding company had failed and refused to forfeit Ford's appearance bond, and requesting the trial court issue a summons for Holt Bonding Company to show cause why the Company should not be held in contempt. The court set a show-cause hearing for that purpose on September 11, 1995. Holt Bonding Company did not appear at the September 11 hearing, and on February 12, 1996, the trial court entered an order again forfeiting the Company's bond in the sum of $5,000.00, and specifying the order be entered as a judgment. On March 21, 1996, Holt Bonding Company moved to set aside the February 12 order, claiming that the State failed to comply with Arkansas's law, Ark. Code Ann. § 16-84-201 (Supp. 1995), which establishes the procedure on bond forfeitures. On September 23, 1996, the trial court denied Holt Bonding Company's motion, and the Company brings this appeal.

Holt Bonding Company's argument must be considered premised upon the interpretation of § 16-84-201 as that statute read in 1994 and April of 1995 because the appearance bond in issue

here was issued in December 1993, and the trial court's first order forfeiting the bond was entered on April 12, 1995.[1] That prior version of § 16-84-201 in pertinent part provided as follows:

> (a) If the defendant fails to appear for trial or judgment, or at any other time when his presence in court may be lawfully required, or to surrender himself in execution of the judgment, the court may direct the fact to be entered on the minutes, and *shall issue an order requiring the surety to appear, on a date set by the court not less than 90 days nor more than 120 days after issuance of the order to show cause why the sum specified in the bail bond* or the money deposited in lieu of bail *should not be forfeited.*

> \* \* \*

> (c) If the defendant is surrendered, arrested, or good cause is shown for his failure to appear before judgment is entered against the surety, the court shall exonerate a reasonable amount of the surety's liability under the bail bond. However, if the surety causes the apprehension of the defendant, or the defendant is apprehended within 120 days *from the date of receipt of written notification to the surety of the defendant's failure to appear,* no judgment or forfeiture of bond may be entered against the surety, except as provided in subsection (e) of this section.

> (d) If, after 120 days, the defendant has not surrendered or been arrested, prior to judgment against the surety, the bail bond or money deposited in lieu of bail may be forfeited. (Emphasis added.)

> \* \* \*

First, we note the prosecuting attorney's motions filed on February 16, 1995 and July 12, 1995, reflect no service on Holt Bonding Company, thus indicating the company had no *written* notice that the trial court was considering forfeiture of its bond. Nor does the record reflect the court met the time requirements

---

[1] Section 16-84-201 was amended by Act 1106 of 1995 which became effective on July 28, 1995. Act 1106 made some minor changes and also added that the 120-day period begins to run from the date notice is sent by certified mail to the surety company at the address shown on the bond, whether or not it is received by the surety. These changes would not change the result reached in this decision, but if applied would only reinforce the holding, since no notice by certified mail was given Holt Bonding Company.

called for in § 16-84-201(a). In this respect, the record does not show the trial court issued an order requiring Holt Bonding Company to appear on a date set by the court not less than 90 days nor more than 120 days after the issuance of the order to show cause why the Company's bail bond should not be forfeited.

As previously discussed, the initial April 4, 1995 order forfeiting the Company's bond was entered without a show cause order having been issued and directed to Holt Bonding Company. We also point out that the April 4, 1995 forfeit order was entered only forty-seven days after the State filed its motion seeking bond forfeiture. Concerning the trial court's second bond forfeiture order filed on February 12, 1996, the record shows that the State filed its motion on July 12, 1995, asking the trial court to issue a show-cause order on the Company, but after setting a hearing on that order for September 11, 1995, Holt was given only three days' written notice of the hearing, and that notice was by summons served on John Holt, d/b/a Holt Bonding Company, rather than on the corporation.

The State concedes that the trial court's forfeiture orders entered in this matter failed to meet the exact terms or requirements of § 16-84-201, however it asserts the procedures followed and orders issued accomplished the statute's purpose. Citing *Cornett v. Prather*, 298 Ark. 108, 111, 737 S.W.2d 159, 160-61 (1987), the State suggests this court should look to the substance of motions and orders to ascertain what they seek. Alternatively, the State argues that, even if we conclude that the State had failed to comply with the notice and service requirements of § 16-84-201, Holt Bonding Company has shown no prejudice because the Company had received actual notice that forfeiture proceedings had been instituted against it by service having been made on John Holt, d/b/a Holt Bonding Company.

In *AAA Bail Bond Co. v. State*, 319 Ark. 327, 891 S.W.2d 362 (1995), this court considered the same 1993 version of § 16-84-201 we now have before us, and in particular, we strictly construed the second sentence of subsection (c) which reads that, if the defendant was apprehended within 120 days *from the receipt of written notification* to the surety of the defendant's fail-

ure to appear, no judgment or forfeiture bond could be entered against the surety. There, the State argued that, while AAA Bail Bond Company never received written notice of the criminal defendant's nonappearance, the bond company admitted it had actual knowledge of the defendant's failure to appear; therefore, it should not be permitted to utilize the statute to avoid its bond liability. This court rejected the State's argument that substantial compliance with the terms in § 16-84-201 should suffice, and reversed the lower court's forfeiture of AAA Bail Bond Company's bond. That holding is binding in the present case.

By analogy, the *AAA Bail Bond* decision is consistent with this court's earlier decisions dealing with statutory service requirements where the court has held that such requirements, being in derogation of common-law rights, must be strictly construed and compliance with them must be exact. *Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 921 S.W.2d 944 (1996); *Wilburn v. Keenan Cos.*, 298 Ark. 461, 768 S.W.2d 531 (1989); *Edmonson v. Farris*, 263 Ark. 505, 565 S.W.2d 617 (1978). In *Wilburn*, the court further held that actual knowledge of a proceeding does not validate defective process. 298 Ark. at 463, 768 S.W.2d at 532.

In conclusion, although we hold reversible error occurred from the State's failure to comply with the tenets of § 16-84-201, we remand without prejudice. If the State on remand seeks forfeiture of the Holt Bonding Company bond, it now must do so pursuant to § 16-84-201, as amended by Act 1106 of 1995, since any such forfeiture proceedings will emanate from a show-cause order issued after Act 1106 went into effect.