BOB COLE BAIL BONDS, INC. *v.*
STATE of Arkansas

CA 98-172                                984 S.W.2d 78

Court of Appeals of Arkansas
Division III
Opinion delivered January 6, 1999

*Wright & Van Noy*, by: *Herbert T. Wright, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kelly S. Terry*, Ass't Att'y Gen., for appellee.

JOHN B. ROBBINS, Chief Judge. Appellant Bob Cole Bail Bonds, Inc., appeals the judgment for $4,000 that was entered against it upon forfeiture of a bail bond that it posted for Larry Keeling. The sole issue is whether notification to appellant, as surety, was given "promptly" within the meaning of Ark. Code Ann. § 16-84-201 (Repl. 1997), which reads, in pertinent part:

> If the defendant fails to appear for trial or judgment, or at any other time when his presence in court may be lawfully required, or to surrender himself in execution of the judgment, the court may direct the fact to be entered on the minutes, and shall *promptly* issue an order requiring the surety to appear, on a date set by the court not less than ninety (90) days nor more than one hundred twenty (120) days after the issuance of the order, to show cause why the sum specified in the bail bond or the money deposited in lieu of bail should not be forfeited.

(Emphasis added.) We do not believe that the notification complied with the "promptly" requirement of the statute, which was added in the 1995 amendment, and we reverse.

In this case, appellant posted the $4,000 bond on June 14, 1995, to ensure Mr. Keeling's appearance at future hearings on charges stemming from writing hot checks. Mr. Keeling failed on numerous occasions to appear during the period from August 23,

1995, to February 3, 1997. After Mr. Keeling's first failure to appear on August 23, 1995, the trial court made a docket entry that an arrest warrant would be issued for failure to appear and included the words "Notify Bondsman." However, an order requiring appellant to appear and show cause why the bond should not be forfeited was not entered until February 14, 1997. Appellant received this notice by certified mail on February 18, 1997. Though delays occurred that are not pertinent to this appeal, the show-cause hearing was eventually held on October 6, 1997. Appellant argued that it was not "promptly" notified within the dictates of Ark. Code Ann. § 16-84-201(a)(1)(A) because it should have been notified after the first failure to appear in August 1995. The trial court disagreed, stating that the trial court had experienced problems in the past with defendants not being presented by the appellant bail bond company, and judgment was entered for $4,000.

■ ■ Arkansas law imposes a significant responsibility on an appearance-bond surety. "The defendant is regarded as being in the custody of his surety from the time of execution of the bond until he is discharged and his bail is considered a jail of his own choosing. Although the surety is not expected to keep the principal in physical restraint he is expected to keep close track of his whereabouts and keep him within this state subject to the jurisdiction of the court." *M & M Bonding Co. v. State*, 59 Ark. App. 228, 233, 955 S.W.2d 521, 524 (1997). Even so, statutory service requirements, being in derogation of common-law rights, must be strictly construed, and compliance with them must be exact. *Holt Bonding Co. v. State*, 328 Ark. 178, 942 S.W.2d 834 (1997); *AAA Bail Bond Co. v. State*, 319 Ark. 327, 891 S.W.2d 362 (1995). We find that the statute was not complied with in this case.

■ The State argues that appellant should not benefit when it did not attend any of the hearings to determine on its own that the defendant was missing court appearances. This argument misses the mark. Indeed, testimony on behalf of appellant indicated that it learned in late 1996 that Mr. Keeling was missing

court appearances. Although this was prior to receipt of formal notice in February 1997, it was more than a year after Mr. Keeling first failed to appear. That fact is of no moment, however. In *AAA Bail Bond Co.*, *supra*, the trial court's judgment was reversed for noncompliance with the notice requirements of subsection (c) of the forfeiture statute, even though appellant had actual notice of the defendant's nonappearance. Likewise, we strictly construe the statute to require notice to be given "promptly" after the trial court "directs the fact to be entered on the minutes," which in this case cannot be seriously argued to mean eighteen months after such fact is entered.

The State argues that the trial court "may" enter that fact on the minutes, giving the trial court discretion to initiate forfeiture proceedings. However, it ignores that once the trial court decides to so act, it "shall promptly issue an order requiring the surety to appear." Thus, when the trial court performed the operative act of entering the fact into the minutes, or docket, in August 1995, it became mandatory for notice to be promptly given. Without designating a bright-line rule of what "promptly" means in this context, we find that the time lapse in this case cannot pass muster, and the judgment must be reversed.

BIRD and MEADS, JJ., agree.