HOLT BONDING COMPANY, INC. *v.* STATE of Arkansas

CA 01-928                                    72 S.W.3d 537

Court of Appeals of Arkansas
Division I
Opinion delivered April 17, 2002

*Price Law Firm*, by: *Robert J. Price*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

LARRY D. VAUGHT, Judge. This is an appeal from an order granting the State's complaint for bond forfeiture against appellant in the amount of $10,000. Appellant raises two points on appeal: (1) that the trial court erred in entering a bond-forfeiture judgment against the surety because it did not follow the requirements of Ark. Code Ann. § 16-84-201(a)(1)(A) (Supp. 2001) strictly and exactly, and (2) that the trial court erred in entering a bond-forfeiture judgment against the surety because there was no proof in the record that the defendant had been notified to be in court on the dates he failed to appear. We agree with appellant's first point and reverse.

On August 24, 1999, the State charged Jason McDonald with aggravated assault in Sebastian County Circuit Court. Appellant, Holt Bonding Company, posted an appearance bond for McDonald. McDonald was represented by a public defender. The trial court scheduled a hearing on the State's petition to revoke bond for July 25, 2000, and notice of the hearing was sent to Holt Bonding. McDonald failed to appear at the July 25 hearing; the trial court's docket entry noted the failure to appear and a bench warrant for McDonald's arrest was issued on July 28. The court also notified Holt Bonding of a hearing scheduled for August 23, 2000. Again, McDonald failed to appear and his failure to appear was noted in the court's docket. On August 25, 2000, the court sent a notice (filed August 28) to Holt Bonding to notify it of McDonald's August 23 failure to appear. The notice

provided that Holt Bonding had 120 days from August 28 to show cause as to why the bond should not be forfeited.

A bond-forfeiture summons was sent to Holt Bonding on January 3, 2001, regarding McDonald's failure to appear on August 23, 2000, and Holt Bonding was ordered to answer within 20 days. Holt Bonding responded that the requirements of Ark. Code Ann. § 16-84-201 were not strictly followed. A hearing was held on February 7, 2001, and posttrial briefs were submitted. The trial court's original order granting the forfeiture was entered on March 16, 2001, and an almost identical order was entered on March 23, 2001, ordering that the bond be forfeited and entering a judgment against appellant in the amount of $10,000. From that order, comes this appeal.

Appellant first contends that the trial court erred in entering a bond-forfeiture judgment against the surety because it did not follow the requirements of Ark. Code Ann. § 16-84-201(a)(1)(A) strictly and exactly. Arkansas Code Annotated section 16-84-201(a)(1)(A) provides:

> If the defendant fails to appear for trial or judgment, or at any other time when his presence in court may be lawfully required, or to surrender himself in execution of the judgment, the court may direct the fact to be entered on the minutes, and shall promptly issue an order requiring the surety to appear, on a date set by the court not more than one hundred twenty (120) days after the issuance of the order, to show cause why the sum specified in the bail bond or the money deposited in lieu of bail should not be forfeited.

Statutory service requirements, being in derogation of common-law rights, must be strictly construed, and compliance with them must be exact. *Bob Cole Bail Bonds, Inc. v. State*, 65 Ark. App. 1, 984 S.W.2d 78 (1999).

Appellant argues that it was not "promptly" notified pursuant to Ark. Code Ann. § 16-84-201 after McDonald's first failure to appear in July 2000. The record below indicates that McDonald failed to appear on July 25, 2000, and that the court noted his failure to appear on its docket sheet. McDonald also failed to appear on August 23, 2000, a fact which the court also noted on

its docket. On August 28, 2000, the court sent a notice to Holt Bonding informing that McDonald failed to appear on August 23.

In *Bob Cole Bail Bonds, supra*, this court addressed the issue of whether notice was "promptly" given within the meaning of Ark. Code Ann. § 16-84-201. In that case, a bond was posted on June 14, 1995, to ensure a defendant's appearance. The defendant failed to appear on numerous occasions from August 23, 1995, to February 3, 1997. After the defendant's first failure to appear on August 23, 1995, the trial court made a docket entry that an arrest warrant would be issued for failure to appear and included the words "Notify Bondsman." However, an order requiring appellant to appear and show cause why the bond should not be forfeited was not entered until February 14, 1997, more than a year after the first failure to appear. Appellant received this notice by certified mail on February 18, 1997. Appellant argued that it was not "promptly" notified pursuant to Ark. Code Ann. § 16-84-201(a)(1)(A) because it should have been notified after the first failure to appear in August 1995. The trial court disagreed, and appellant appealed.

This court reversed, stating that once the trial court made the docket entry noting the defendant's failure to appear, it was mandatory pursuant to the statute for notice to be promptly given to the surety. We went on to state that "[w]ithout designating a bright-line rule of what "promptly" means in this context, we find that the time lapse in this case cannot pass muster[.]" *Id.* at 4, 984 S.W.2d at 80.

In the present case, the July 25 failure to appear was noted in the court's docket, but notice of the July 25 failure to appear was never given to Holt Bonding. Rather, Holt Bonding was only given notice of the August 23 failure to appear. According to Ark. Code Ann. § 16-84-201(a)(1)(A) and *Bob Cole Bail Bonds Inc., supra*, once the trial court made the docket entry noting McDonald's July 25 failure to appear, it was mandatory for notice to be promptly given of that failure to appear. The August 28 notice to Holt Bonding only notified it of the August 23 failure to appear, a fact which the State concedes. As stated previously, statutory service requirements must be strictly construed, and

compliance with them must be exact. *Bob Cole Bail Bonds, Inc., supra.* Because the State failed to specifically notify Holt Bonding of McDonald's July 25 failure to appear, we cannot say that the service requirements of Ark. Code Ann. § 16-84-201 were followed exactly, and we reverse on this basis. Further, we need not reach the other issues appellant raises in its first and second points of appeal because our decision on the first issue is determinative of the matter.

Reversed and dismissed.

BIRD and ROAF, JJ., agree.