SPENCER BONDING SERVICES, INC. and Errol Scott *v.* STATE of Arkansas

CA CR 04-387                                   200 S.W.3d 457

Court of Appeals of Arkansas
Opinion delivered December 15, 2004

*Brady & Platt*, P.L.C, by: *W. Blair Brady*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Misty Wilson Borkowski*, Ass't Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Appellant Spencer Bonding Services, Inc., appeals the trial court's entry of a $50,000 bond-forfeiture judgment against it and in favor of appellee, the State. On appeal, Spencer argues that the trial court erred in entering a forfeiture because the State failed to comply with Ark. Code Ann. § 16-84-201(a)(1)(A) (Supp. 2001). This statute mandates that "prompt" notice be provided to a bonding company that an absent defendant (herein defendant Errol Scott) failed to appear in court. We reverse and dismiss.

The facts are undisputed. On August 11, 2002, Spencer posted a $50,000 bail bond so that defendant Errol Scott could be released from custody on a failure-to-appear charge. At that time, Scott and Spencer were notified that Scott was to return to court on August 20, 2002. Scott failed to appear on that date, and an arrest warrant issued. On September 16, 2002, the clerk of the court mailed a notice of Scott's failure to appear to Spencer's

business, but the correspondence came back undelivered on or about September 20, 2002. The clerk had erroneously mailed the notice to Heber Springs instead of Fayetteville.

On February 7, 2003, the trial court entered a show-cause order, which was sent by certified mail to Spencer at the correct Fayetteville address listed on the bond. In that order, the judge informed Spencer that a show cause/bond-forfeiture hearing was set for March 12, 2003. Spencer received this notice on February 11, 2003. Thereafter Spencer requested and received three successive continuances. Those requests moved the hearing from March 12, 2003, to June 4, 2003; then to August 4, 2003; and then to September 12, 2003. Spencer was not granted its fourth request for a continuance. At the September 12 hearing, Spencer argued that there was a failure to provide "prompt" notice of Mr. Scott's failure to appear on August 20, 2002. Spencer cited to Ark. Code Ann. § 16-84-201(a)(1), which provides:

> (a)(1)(A)  *If the defendant fails to appear* for trial or judgment, or at any other time when his or her presence in court may be lawfully required, or to surrender himself or herself in execution of the judgment, *the court* may direct the fact to be entered on the minutes and *shall promptly issue an order* requiring the surety to appear, on a date set by the court not more than one hundred twenty (120) days after the issuance of the order, *to show cause* why the sum specified in the bail bond or the money deposited in lieu of bail should not be forfeited.
>
> (B)  The one hundred twenty-day period in which the defendant must be surrendered or apprehended pursuant to subdivision (c)(2) of this section begins to run from the date notice is sent by certified mail to the surety company at the address shown on the bond, whether or not it is received by the surety.
>
> (Emphasis added.)

Spencer asserted that nearly six months passed before the trial court issued a show-cause order and provided notice, which was not "prompt" and which hampered its ability to apprehend Scott and bring him back to court. Spencer argued that failing to strictly comply with the "prompt" requirement prevented forfeiture.

The State responded that Spencer caused the hearing to be continued for six additional months, plenty of time in which to either bring defendant Scott to court or forfeit its bond money,

such that Spencer suffered no prejudice and that for Spencer to deny that it should forfeit the bond money was "bad business." The trial judge ordered that the surety bond be forfeited in its entirety, $50,000. The order reflecting that ruling was filed of record on September 18, 2003. Spencer filed a timely notice of appeal on October 16, 2003, from the September 18 order.[1] Appellant makes a compelling argument that the statutory requirements were not strictly followed, and we reverse and dismiss the forfeiture order entered on September 18, 2003.

█ In our review, we are mindful that statutory service requirements, being in derogation of common-law rights, must be strictly construed, and compliance with them must be exact. *Holt Bonding Co. v. State*, 328 Ark. 178, 942 S.W.2d 834 (1997); *AAA Bail Bond Co. v. State*, 319 Ark. 327, 891 S.W.2d 362 (1995); *Bob Cole Bail Bonds, Inc. v. State*, 65 Ark. App. 1, 984 S.W.2d 78 (1999).

█ The legislature added the "promptly" requirement to Ark. Code Ann. § 16-84-201(a) in a 1995 amendment. Addressing the same statute concerning "promptness" in *Bob Cole, supra*, we determined that the notice was not promptly given within the meaning of Ark. Code Ann. § 16-84-201. Bob Cole Bail Bonds had posted a bond on June 14, 1995, to ensure a defendant's appearance. The defendant failed to appear on numerous occasions from August 23, 1995, to February 3, 1997. After the defendant's first failure to appear on August 23, 1995, the trial court made a docket entry that an arrest warrant would be issued for failure to appear and included the words "Notify Bondsman." However, an order requiring appellant to appear and show cause why the bond should not be forfeited was not entered until February 14, 1997, and appellant received this notice by certified mail on February 18, 1997. Appellant argued that it was not "promptly" notified pursuant to Ark. Code Ann. § 16-84-201(a)(1)(A) because it should have been notified after the first failure to appear in August 1995. The trial court disagreed, and appellant appealed. We reversed, stating that once the trial court made the docket entry noting the defendant's failure to appear, it was mandatory pursuant

---

[1] Spencer did not designate in the notice of appeal the October 15, 2003 order of the trial court that modified the September 18 order by reducing the forfeiture from $50,000 to $10,000. This reduction was granted after Spencer located Mr. Scott on or about September 18, 2003, and produced evidence of its costs in locating him. Because we lack appellate jurisdiction over that order, we do not address it herein.

to the statute for notice to be promptly given to the surety, which could not be seriously argued to mean eighteen months later. We declined to designate a bright-line rule of what "promptly" means, but determined that this eighteen-month lapse was insufficient.

In *Holt Bonding Co., Inc. v. State*, 77 Ark. App. 198, 72 S.W.3d 537 (2002), we considered an appeal of a forfeiture entered after a defendant twice failed to appear in court. Both failures, the first in July and the second a month later in August, were noted on the trial court's docket. The trial court sent a notice to Holt Bonding within days of the second failure to appear, but gave notice of only the second failure to appear. The circuit court granted the bond forfeiture, and Holt Bonding appealed. Our court held that because Holt Bonding was never notified at all of the first failure to appear, the service requirements of the bond-forfeiture statute were not followed strictly and exactly. Therefore, we reversed and dismissed the judgment permitting forfeiture.

In applying the law to the present appeal, there was a 171-day lapse between Mr. Scott's failure to appear in August 2002 until the show-cause order was issued and sent to Spencer in February 2003. We hold that this nearly six-month lapse fails to strictly comply with the "prompt" issuance of an order as man-dated in Ark. Code Ann. § 16-84-201 (Supp. 2001). Having so held, we do not address Spencer's additional arguments in support of reversal.

Reversed and dismissed.

GLADWIN and VAUGHT, JJ., agree.