In the Matter of A.R., a Minor, and Randy L. Roberts *v.*
Reid Alan BROWN, and Allison Roberts Brown

CA 07-995                                                 285 S.W.3d 716

Court of Appeals of Arkansas
Opinion delivered June 18, 2008

*The Henry Firm, P.A.*, by: *Matthew M. Henry*, for appellant.

*Jewel H. Harper, PLLC*, by: *Jewel Holloway Harper*, for appellees.

ROBERT J. GLADWIN, Judge. The Perry County Circuit Court found that appellant Randy L. Roberts's consent to adoption was not required, and allowed his minor child, A.R., to be adopted by her stepfather, appellee Reid Alan Brown, by decree filed May 31, 2007. Appellant raises three points on appeal in an attempt to persuade this court that the trial court erred in finding appellant's consent was not required. We agree with the trial court's ruling and affirm.

A.R. was born on January 15, 2001, to appellant and appellee, who was then Allison Roberts and is now Allison Roberts Brown. The couple was divorced in January 2004. Mrs. Brown was granted custody of A.R., and appellant was granted visitation pursuant to the divorce decree, which was later amended to provide for supervised visitation because of appellant's drug addiction. Neither the divorce decree nor the amended order contains language stating that Mrs. Brown would have the right to initiate proceedings to terminate appellant's parental rights if he did not pay child support or visit the child for at least one year. Appellant never exercised his visitation. All the parties agree that appellant last saw the child on Christmas day in December 2004, when he went to appellees' house to take presents to A.R.

Appellant was required by the divorce decree to pay seventy dollars per week in child support; however, none was paid. Appellant was injured when he was hit by a truck in December 2003. He was hospitalized and out of work until the fall of 2004. In September 2005, appellant was charged with six felonies. He pled guilty in January 2006 to attempt to manufacture methamphetamine, delivery of drug paraphernalia, failure to keep records, and possession of methamphetamine. He received a suspended sentence of sixty months and served twelve days in jail. Appellant attended rehabilitation programs on two occasions that were unsuccessful. However, he completed a twelve-week rehabilitation program in August 2006 to overcome his addiction to methamphetamine and prescription pain medications. Appellant has tested negative since May 4, 2006, on all drug screens and claims to have been clean and sober since February 2006.

Mrs. Brown, the mother of A.R., married appellee Reid Alan Brown in October 2005. Appellees filed a joint petition for adoption on December 18, 2006, alleging that appellant had had no contact with A.R. since December 2004, including no telephone calls, birthday cards, or visits, and that no child support had ever been paid other than a cash payment of forty dollars in the summer of 2004 and an offer of ten dollars in the summer of 2005, which Mrs. Brown declined.

The trial court found that appellant's consent to the adoption was not required pursuant to Arkansas Code Annotated section 9-9-207 (Supp. 2007), because he had had no significant contact with his child for a period of one year and did not contribute financially for at least a one-year period. The trial court specifically found that from May 2004 until January 2007, no child support was paid. Further, the trial court found that appellant had not seen his child nor attempted to see her since December 2004. As a result, the trial court granted the adoption of A.R. Appellant filed a timely notice of appeal, and this appeal followed.

Adoption proceedings are reviewed de novo. *In re Adoption of S.C.D.*, 358 Ark. 51, 186 S.W.3d 225 (2004). Adoption statutes are strictly construed and a person wishing to adopt a child without the consent of the parent must prove that consent is unnecessary by clear and convincing evidence. *In re Adoption of Lybrand*, 329 Ark. 163, 946 S.W.2d 946 (1997). A circuit court's finding that consent is unnecessary due to a failure to support or communicate with the child will not be reversed unless clearly erroneous. *In re Adoption of K.F.H. & K.F.H.*, 311 Ark. 416, 844 S.W.2d 343 (1993). A

finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Gregg v. Ark. Dep't of Human Servs.*, 58 Ark. App. 337, 952 S.W.2d 183 (1997). We defer to the trial court in making credibility determinations because the trial court is in a better position to judge the credibility of witnesses. *Hurtt v. Hurtt*, 93 Ark. App. 37, 216 S.W.3d 604 (2005).

Arkansas Code Annotated section 9-9-207 (Supp. 2007), provides in pertinent part as follows:

> (a) Consent to adoption is not required of:
>
> (1) a parent who has deserted a child without affording means of identification or who has abandoned a child;
>
> (2) a parent of a child in the custody of another, if the parent for a period of at least one (1) year has failed significantly without justifiable cause (i) to communicate with the child or (ii) to provide for the care and support of the child as required by law or judicial decree. . .

Ark. Code Ann. § 9-9-207(a)(1)–(2).

Arkansas Code Annotated section 9-9-220 (Supp. 2007), provides in pertinent part as follows:

> (c) In addition to any other proceeding provided by law, the relationship of parent and child may be terminated by a court order issued under this subchapter on any ground provided by other law for termination of the relationship, or on the following grounds:
>
> (1) Abandonment.
>
> (A) A child support order shall provide notice to the non-custodial parent that failure to pay child support or to visit the child for at least one (1) year shall provide the custodial parent with the right to initiate proceedings to terminate the parental rights of the non-custodial parent.
>
> (B) If the notification clause required by subdivision (c)(1)(A) of this section is not in the child support order, the custodial parent, prior to termination of parental rights, shall notify the non-custodial parent that he or she intends to petition the court to terminate parental rights.

(C) (i) The non-custodial parent shall have three (3) months from the filing of the petition to pay a substantial amount of past due payments owed and to establish a relationship with his or her child or children.

(ii) Once the requirements under subdivision (c)(1)(C)(i) of this section are met, the custodial parent shall not be permitted to proceed with the adoption nor the termination of parental rights of the non-custodial parent.

(iii) The court may terminate parental rights of the non-custodial parent upon a showing that:

(a) Child support payments have not been made for one (1) year or the non-custodial parent has not visited the child in the preceding year and the non-custodial parent has not fulfilled the requirements of subdivision (c)(1)(C)(i) of this section; and

(b) It would be in the best interest of the child to terminate the parental relationship.

(D) The provisions of subdivisions (c)(1)(A)–(C) of this section apply only to child support orders entered after August 13, 2001.

Ark. Code Ann. § 9-9-220(c)(1)(A)–(D).

## A. Justification

Appellant relies on *Minton v. Arkansas Department of Human Services*, 72 Ark. App. 290, 34 S.W.3d 776 (2000), where this court reversed the termination of parental rights order and held that because the mother did not have the ability to pay child support, her nonpayment was not willful. Appellant herein argues that he suffered from various circumstances, including a catastrophic injury and drug addiction, which prohibited him from making even a nominal payment of child support. He contends that when he did offer to give Mrs. Brown ten dollars for child support, she refused it. He also asserts that there is sufficient evidence to show that Mrs. Brown repeatedly refused to allow him to have visitation, and the fact that his mother had to hire an attorney to exercise grandparent visitation during his difficulties helps prove his assertion. Therefore, he maintains that his lack of support and contact with his daughter were not willful, but justified.

However, appellant conceded at trial he had neither seen nor contacted his child since December 2004, which was twenty-seven months prior to the adoption hearing. His justification argument was that he had been hit by a truck and was incapacitated until July 2004, then became involved with drugs. He testified that he did not want to bring his "troubles" around his daughter. He incurred criminal charges in September 2005 and pled guilty in January 2006 to criminal attempt to manufacture a controlled substance, methamphetamine; delivery of drug paraphernalia; possession of a controlled substance; and failure to keep records. He claimed he had not engaged in drug use for over a year as of the date of the adoption hearing, but he offered no explanation for why he had not attempted to contact his daughter and re-establish a relationship with her since the time he quit using illegal drugs. Even after the petition for adoption was filed, appellant never made any attempts to request visitation or contact with his daughter. Appellant's failure in this regard was without justification. *See Ray v. Sellers*, 82 Ark. App. 530, 120 S.W.3d 134 (2003) (where this court defines failure to communicate without justifiable cause as voluntary, willful, arbitrary, and without adequate excuse).

▮ The trial court appropriately found that appellant significantly and without justifiable cause failed to pay child support for at least one year. Appellant paid no money through the registry of the court until after the petition for adoption was filed. He claimed to have given Mrs. Brown $300 in cash during the three-year period prior to the adoption hearing, but this was disputed by Mrs. Brown. Appellant's reliance on *Minton, supra,* is misplaced. There, this court considered that the mother was supporting two other children and that she brought her child gifts and clothes. Here, appellant acknowledged that he has been named as the biological father of an illegitimate child born in March 2006. That child was recently removed from its mother by the Department of Human Services. Appellant has done nothing to determine whether the child is his nor supported the child. Therefore, appellant has not been supporting any other child and never paid any child support for the child at issue herein until after the filing of the adoption petition. Further, he paid regularly on an attorney's fee of $10,000, and paid fines and costs for his criminal case, as well as maintained stable employment over the eighteen months previous to the hearing. These facts belie the argument that he was in dire financial circumstances such that his failure to support his

child should be excused, and support the trial court's finding that appellant's actions were not justified.

### B. Notice

As stated above, Ark. Code Ann. § 9-9-220(c)(1)(A) provides that child support orders are to provide notice to the non-custodial parent that their failure to pay child support or to visit the child for at least one year gives the custodial parent the right to file a petition to terminate parental rights. If notification is not in the support order, then notice is to be given to the non-custodial parent that the custodial parent "intends to petition the court to terminate parental rights." Ark. Code Ann. § 9-9-220(c)(1)(B). Appellant asserts on appeal that it is undisputed there were no warnings in either of the child-support orders applicable herein, and that appellee did not provide any warning or notice to appellant that she "intended" to terminate his parental rights prior to the filing of the petition. Appellant maintains that based upon the plain language of the statute, the trial court's ruling should be reversed.

Appellees claim that the intent of the statute was still met, even though they acknowledge appellant was not given the notice described in the statute either in a child-support order or through some method of service prior to the petition for adoption. Appellees argue that the statute does not specify how the notification of intent to terminate parental rights should be given. For example, the statute does not specify whether notification of intent should be in writing, whether it should be served separately prior to the adoption petition, or if notification by telephone would suffice. Appellees also note that no provision is made for a circumstance in which prior notice is not given. They maintain that because the termination of parental rights did not occur until the adoption hearing in April 2007, and appellant was served in December 2006, he did have notice of the intent prior to the termination. Appellees claim the notice is to insure that appellant would have an opportunity to remediate his failure to pay support and establish meaningful contact with the child. Appellant was given that opportunity between December 19, 2006, and April 18, 2007, when he paid around $1600 in child support.

Both parties argue that the trial court implicitly found that notice was sufficient under Ark. Code Ann. § 9-9-220 because it addressed appellant's efforts at remediation as allowed in that statute in its ruling. Even accepting that the notice require-

ment was implicitly ruled upon and the issue was preserved, appellant must show proof that he was prejudiced by appellees' failure to give him notice prior to filing the petition for adoption. However, appellant argues, as will be discussed further below, that he succeeded in satisfying the statute's requirement that he pay a substantial amount of child support and establish a relationship with his child. Appellant cannot claim prejudice while at the same time arguing he fulfilled his obligation to remediate under the statute. *See, e.g., Holt Bonding Co. v. State,* 328 Ark. 178, 942 S.W.2d 834 (1997).

## C. Remedial measures

The Arkansas Code provides that a non-custodial parent who has not paid child support or exercised his visitation shall have three months from the filing of the petition to pay a substantial amount of past-due payments and establish a relationship with the child, thus preventing the custodial parent from terminating parental rights. Ark. Code Ann. § 9-9-220(c)(1)(C)(i) and (ii). Appellant claims that his payment of more than $1600 in child support over three months from the date of the filing of the petition and his previously-established relationship with his daughter meet the code requirements. Therefore, he argues that the trial court erred by allowing the adoption to proceed over his objection.

However, appellant did not explain why he failed to take remedial measures in re-establishing contact with his minor child. After he obtained a job and quit using illegal drugs, appellant did not contact A.R. He simply failed to act. Therefore, this issue cannot be the basis for a finding that the adoption should be denied. Accordingly, the trial court did not err in finding clear and convincing evidence that appellant's consent was not required, and we affirm.

Affirmed.

MARSHALL, J., agrees.

HART, J., concurs

JOSEPHINE LINKER HART, Judge, concurring. I write separately because I believe that the appellant deserves some analysis of his argument concerning the so-called "remedial measures." Appellant asserts that pursuant to Arkansas Code Annotated

section 9-9-220(c)(1)(C)(i), his payment of over $1,600 toward his $11,760 child support arrearage constituted a "substantial amount" of past-due support, and therefore, the adoption should not have proceeded. I agree with appellant. As the trial judge noted, in light of all the expenses that he had incurred as well as his temporarily debilitating accident, he had made a "pretty good" effort.

However, section 9-9-220(c)(1)(C)(i) also requires that the absent parent "establish a relationship with his or her child or children." Appellant claims that this portion of the statute did not impose additional requirements on him because "all of the evidence offered at trial pointed to the fact that Mr. Roberts had established a relationship with his daughter prior to the petition for adoption." I believe that this contention ignores the fact that the statute defines a failure to visit with a child for one year as "abandonment." Accordingly, the statute requires us to look not to whatever relationship appellant had abandoned, but rather to the contact that he was able to "establish" after he received notice of an intention to terminate his parental rights. Unfortunately, appellant simply failed to contact his child, and we must affirm the trial court.