SLIP OPINION

Cite as 2014 Ark. App. 657

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-13-1138

|  |  |
|---|---|
| | **Opinion Delivered** November 19, 2014 |
| AFFORDABLE BAIL BONDS, INC.<br>APPELLANT | APPEAL FROM THE POPE COUNTY<br>CIRCUIT COURT<br>[NO. CR 2012-390] |
| V. | |
| | HONORABLE WILLIAM M.<br>PEARSON, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED |

## ROBIN F. WYNNE, Judge

Affordable Bail Bonds, Inc., appeals the forfeiture of its bail bond ordered by the circuit court following Eloy Alvarez's failure to appear at his trial on charges of delivery of a controlled substance. We affirm.

The facts and sequence of events are not in dispute. Alvarez bonded out on a $100,000 appearance bond on September 10, 2012, guaranteed by appellant. He was required to appear in circuit court on October 22, 2012. Although Alvarez had retained counsel, neither Alvarez nor his attorney appeared. On October 29, 2012, the court entered an order for issuance of arrest warrant and summons/order for the surety to appear. The warrant was never served on Alvarez, and the summons/order was not served. The charge of failure to appear was nolle prossed in a hearing held on November 26, 2012, which Alvarez attended with his attorney. His jury trial was set for May 14, 2013.

Alvarez failed to appear for his trial on May 14, 2013. The parties stipulated that appellant was served on May 15, 2013, with notice of the May 14 failure to appear. On August 20, 2013, the circuit court entered judgment against appellant and ordered the forfeiture of the $100,000 appearance bond. This appeal follows.

Forfeiture of bail bonds in the case of failure of the defendant to appear is governed by Arkansas Code Annotated section 16-804-207 which states, in pertinent part, as follows:

> (a) If a bail bond is granted by a judicial officer, it shall be conditioned on the defendant's appearing for trial, surrendering in execution of the judgment, or appearing at any other time when his or her presence in circuit court may be lawfully required under Rule 9.5 or Rule 9.6 of the Arkansas Rules of Criminal Procedure, or any other rule.
>
> (b)(1) If the defendant fails to appear at any time when the defendant's presence is required under subsection (a) of this section, the circuit court shall enter this fact by written order or docket entry, adjudge the bail bond of the defendant or the money deposited in lieu thereof to be forfeited, and issue a warrant for the arrest of the defendant.
>
> (2) The circuit clerk shall:
>
> (A) Notify the sheriff and each surety on the bail bond that the defendant should be surrendered to the sheriff as required by the terms of the bail bond; and
>
> (B) Immediately issue a summons on each surety on the bail bond requiring the surety to personally appear on the date and time stated in the summons to show cause why judgment should not be rendered for the sum specified in the bail bond on account of the forfeiture.

Statutory service requirements, being in derogation of common-law rights, must be strictly construed, and compliance with them must be exact. *State v. West*, 2014 Ark. 174.

Appellant's view of events is that Alvarez failed to appear on October 22, 2012, and it was not served with notice until May 15, 2013. It contends that Alvarez's first failure to appear triggered application of Arkansas Code Annotated section 16-84-207, and that the May 15, 2013 notice was not "immediate" and does not comply with the statutory service requirements. The time period from October 22, 2013, to May 15, 2013, would indeed not comply with the statutory requirement that the summons be served "immediately." *See First Ark. Bail Bonds, Inc. v. State*, 373 Ark. 463, 284 S.W.3d 525 (2008) (holding that summons issued nearly seven months after the show cause order was entered was not issued immediately as required by statute). However, Alvarez failed to appear on two separate occasions, and forfeiture of the bond was ordered due to the second failure to appear, not the first. He was not considered a fugitive by the State after the nolle prosse of the failure to appear warrant on November 26, 2012. He was merely released on the bail bond guaranteed by appellant pending trial on May 14, 2013. Alvarez failed to appear on May 14, 2013, and appellant was served with notice the very next day. This satisfies the statutory requirement that the summons be issued "immediately."

When Alvarez failed to appear for trial on May 14, 2013, the circuit court entered an order for issuance of an arrest warrant and summons/order for appellant to appear. The parties entered joint exhibits showing the certified mail receipt of the summons dated May 16, 2013. The show-cause hearing was ultimately continued until August 19, 2013. Appellant was unable to produce Alvarez, and the judgment was entered against appellant the following day.

3

We acknowledge our decision in *Holt Bonding Co. v. State*, 77 Ark. App. 198, 72 S.W.3d 537 (2002), in which we held that a forfeiture ordered after the second of two failures to appear was not valid because the bonding company had not been provided with proper statutory notice following the first failure to appear. However, the instant case is distinguishable. In *Holt Bonding Co.*, the first failure to appear occurred less than one month before the second. No action was taken regarding the first failure to appear prior to the second failure to appear, other than the issuance of the arrest warrant. Here, the State filed an information on October 29, 2012, charging appellant with failure to appear and praying for an arrest warrant to be issued. The order for issuance of an arrest warrant was entered the same day. The State subsequently nolle prossed the failure-to-appear charge filed following the October 22, 2012 failure to appear after Alvarez's attorney informed the prosecuting attorney's office that he had neglected to enter an appearance and not guilty plea for Alvarez. The nolle prosequi of the offense is reflected in a sentencing order entered on November 27, 2012. Alvarez was never served with a warrant following the October 22, 2012 failure to appear. Alvarez's counsel had contact with him following the October 22, 2012 failure to appear and, as noted above, Alvarez was not considered a fugitive as a result of the October 22, 2012 failure to appear. He was only considered to be a fugitive following the May 14, 2013 failure to appear.

The actions taken by the circuit court following Alvarez's May 14, 2013 failure to appear complied with the statutory requirements. Appellant had more than the statutorily allowed time to produce the defendant, but it did not do so. On these facts, we are not bound

by our prior decision in *Holt Bonding Co.*, and we hold that the circuit court did not err by ordering the bond forfeited for the May 14, 2013 failure to appear.

Appellant also argues that the service of the May 15, 2013 summons was invalid because it was signed for by an employee who was not an officer or registered agent of appellant. Appellant's argument lacks merit. In *Advance Fiberglass, LLC v. Rovnaghi*, our supreme court held that Arkansas Rule of Civil Procedure 4(d)(5) does not require restricted delivery when the agent of a registered corporation or other organization is served. 2011 Ark. 516, at 5. Service by certified mail, signed by an employee, is sufficient.

Affirmed.

GLADWIN, C.J., and PITTMAN, J., agree.

*Stone Law*, by: *Matt Stone*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rebecca B. Kane*, Ass't Att'y Gen., for appellee.