KARNES v. RAMEY.

Opinion delivered November 15, 1926.

1. PROCESS—IMPEACHMENT OF FALSE RETURN.—An officer's false return of service of process does not preclude the defendant from showing the truth in a proper proceeding to be relieved from the burden of a judgment or decree based thereon.

2. JUDGMENT—RELIEF AGAINST DEFAULT DECREE.—One who is aggrieved by a judgment rendered in his absence must show, not only that he was not summoned, but also that he did not know of the proceeding in time to make a defense.

3. PROCESS—EVIDENCE AS TO SERVICE.—A recital in a default decree that defendants were duly served with summons in time and manner provided by law, but made default, is *prima facie* evidence of such facts, but defendants may introduce testimony to contradict the recital of the decree, the burden of proof being upon them.

4. PROCESS—NATURE OF OFFICER'S RETURN.—An officer's return showing that defendants were duly served with summons as required by law constitutes his official oath as to facts stated therein.

5. PROCESS—EVIDENCE AS TO SERVICE.—In a suit to set aside a default decree in a mortgage foreclosure suit, defendant's evidence *held* insufficient to overcome the sheriff's official return reciting service of the summons in time and manner prescribed by law, where it was shown that the summons was served by leaving a copy with a member of his family over 15 years of age at his usual place of abode, as provided by Crawford & Moses' Dig., § 1144, subdiv. 3.

6. JUDGMENT—RELIEF AGAINST DEFAULT DECREE.—Where defendants fail to show facts sufficient to overcome the return of service of summons on them in a foreclosure suit and the recital of due service in the decree, they cannot have the decree set aside, although they have a meritorious defense.

Appeal from Carroll Chancery Court, Eastern District; *Lee Seamster,* Chancellor; affirmed.

STATEMENT BY THE COURT.

J. W. Karnes and Mary Karnes brought this suit in equity against R. C. Ramey to set aside a decree of foreclosure against them on a real estate mortgage. The complaint alleges that the foreclosure decree was obtained without service of summons upon them, and also alleges facts which, if established by a preponder-

ance of the evidence, would be a meritorious defense to the foreclosure suit.

It appears from the record that John H. Minick, the son-in-law of the plaintiffs, and his wife, executed a mortgage on real estate in Carroll County, Arkansas, to secure a debt which they owed R. C. Ramey. J. W. Karnes and Mary Karnes, his wife, executed a mortgage on their homestead in Carroll County, Arkansas, to R. C. Ramey to secure the indebtedness of J. H. Minick to said Ramey in the sum of $1,000. The mortgage debt was not paid when it became due, and R. C. Ramey instituted an action in the chancery court against John H. Minick and his wife and J. W. Karnes and Mary Karnes, to foreclose the mortgages on their respective lands.

A decree of foreclosure was entered of record, and judgment was rendered against John H. Minick for the amount of the debt secured by his mortgage, and against J. W. Karnes for the debt secured by his mortgage. The foreclosure decree recites that the defendants had been served with personal summons in the way, time and manner provided by law, but made default. The decree provided that, if the judgment was not paid in twenty days, the commissioner of the court be directed to sell said land for the satisfaction of the judgment, in the manner and under the terms provided in the decree.

J. W. Karnes especially appeared to file exceptions to the report of the commissioner of the sale of his land. The return of the sheriff in the foreclosure suit shows that J. W. Karnes and Mary Karnes were duly served with summons by delivering a copy of same and stating the substance thereof to the within named J. W. Karnes and Mary Karnes as commanded. The return was signed E. L. McShane, sheriff, by Jack Walker, D. S. According to the testimony of J. W. Karnes, no service of summons was had upon him. He admitted that his wife had told him that the sheriff had left a paper with her, but did not say that any was left for him, and that he never saw the paper. The record contained a stipulation that the papers and exhibits in the foreclosure suit

may be used as evidence in this case. According to the testimony of Mary Karnes, upon exceptions to the commissioner's report of sale in the foreclosure suit, deputy sheriff Walker served papers on herself and her daughter, Mrs. John Minick, in Berryville, Arkansas.

The chancellor found the issues in favor of the defendant, and it was decreed that the complaint of the plaintiffs be dismissed for want of equity. To reverse that decree the plaintiffs have duly prosecuted an appeal to this court.

*Festus O. Butt,* for appellant.

*C. A. Fuller,* for appellee.

HART, J., (after stating the facts). This court is committed to the doctrine that an officer's false return of service of process shall not preclude the defendant from showing the truth, in a proper proceeding, to be relieved from the burden of a judgment or decree based thereon. One who is aggrieved by a judgment rendered in his absence must show not only that he was not summoned, but also that he did not know of the proceeding in time to make a defense. *State* v. *Hill,* 50 Ark. 458, 8 S. W. 401; *First National Bank* v. *Dalsheimer,* 157 Ark. 464, 248 S. W. 575; and *First National Bank of Manchester* v. *Turner,* 169 Ark. 393, 275 S. W. 703.

As will appear from our statement of facts, the mortgage foreclosure decree which is sought to be set aside in this case recites that the defendants were duly served with summons in the time and manner provided by law, but made default. This recital is *prima facie* evidence of the facts stated, but, under the principle of law decided in the cases above cited, the defendants may introduce testimony to contradict the recital of the decree; but the burden of proof is upon them. The return of the officer in the foreclosure suit shows that the defendants in that action, J. W. Karnes and Mary Karnes, who are the plaintiffs in the case at bar, were duly served with summons in the time and manner prescribed by law. This constituted the official oath of the officer as to the facts stated in his return.

We are of the opinion that the plaintiffs in this action have not satisfactorily met the burden laid upon them in contradicting the return of the officer as to the service of summons upon them. Mary Karnes, the wife of J. W. Karnes, admitted that she was served with process by the deputy sheriff at her residence in Berryville, Carroll County, Arkansas. J. W. Karnes admits that his wife told him that the sheriff had left a paper with her, but that she did not say that any was left for him, and that he never saw the paper.

Thus it will be seen that Mrs. Karnes admits in her testimony that service was had upon her, and J. W. Karnes admits that he was informed by his wife that a paper had been served upon her. If he had used reasonable diligence, this fact would have put him in possession of the fact that he had been made a defendant in the foreclosure suit. In any event, the evidence offered by the defendants is not sufficient to overcome the official return of the sheriff. At most, it only shows that, instead of serving the summons upon J. W. Karnes personally, it was served upon him by leaving a copy at his usual place of abode with some person who was a member of his family, over fifteen years of age, as provided in the 3rd subdivision of § 1144 of Crawford & Moses' Digest.

It follows that the plaintiffs did not show facts sufficient to overcome the return of the service of summons upon them in the foreclosure suit and the recital contained in the decree that they were duly served with summons; and they are therefore not entitled to set aside the foreclosure decree, regardless of the fact of whether or not they might have a meritorious defense to that action. It follows that the decree must be affirmed.