## Dan WILBURN *v.* KEENAN COMPANIES, INC.

89-33                                                768 S.W.2d 531

Supreme Court of Arkansas
Opinion delivered April 24, 1989

*Richard L. Peel*, for appellant.

*Jonathan P. Shermer, Jr.* for appellee.

ROBERT H. DUDLEY, Justice. This is an appeal from the refusal to set aside a default judgment. On November 20, 1987, plaintiff, now appellee, Keenan Companies, Inc., filed suit against defendant, now appellant, Dan Wilburn. Appellee is a resident of the State of Arkansas, and appellant is a resident of the State of

Missouri. Appellee forwarded a copy of the summons and complaint to appellant by certified mail. At the top of the receipt for certified mail delivery, there are two boxes explaining additional services which are available for additional fees. The second box is for "Restricted Delivery." That box was not marked in any way, nor was there any evidence that appellee had requested that the summons and complaint be mailed with "restricted delivery." Appellee received a return receipt on which the signature of "L.D. Madden" was written. Madden's signature was on line 6 of the return receipt which is entitled, "Signature — Agent."

On January 21, 1988, a default judgment was entered against appellant. On January 25, 1988, appellant filed an answer to the complaint and also a motion to set aside the default judgment. After a hearing, the trial court found that service upon appellant was effective and denied his motion to set aside the judgment.

Appellant argues that the default judgment against him is void because the summons and complaint were not mailed with delivery restricted to the addressee as required by the Arkansas Rules of Civil Procedure. The argument has merit, and, accordingly, we reverse the trial court's refusal to set aside the default judgment.

ARCP Rule 4(e)(3) provides:

(e) *Other Service*: Whenever the law of this state authorizes service outside this state, the service, when reasonably calculated to give actual notice, may be made:

. . .

(3) By any form of mail addressed to the person to be served with a return receipt requested and *delivery restricted to the addressee or the agent of the addressee.*

(Emphasis added.)

The Reporter's Notes concerning the 1983 amendment to Rule 4 explain that, "[p]ostal regulations permit mail addressed with delivery restricted to addressee to be received only by the addressee *or an agent appointed according to postal regulations.*" (Emphasis added.) Further, the Reporter's Notes con-

cerning the 1986 amendment to the rule provide:

> Rule 4(e)(3) is amended to make explicit that service by mail outside the state *must* be sent with restricted delivery, thus harmonizing the provision with Rule 4(d)(8), which governs service by mail within the state.

(Emphasis added.) Section 933.41 of the postal regulations directs mail carriers to, "[d]eliver mail marked Restricted Delivery only to the addressee or to the person *specifically authorized in writing* as the addressee's agent to receive the mail." Domestic Mail Manual (1988).

Thus, the term "restricted delivery" denotes a very specific delivery procedure within the postal service. ARCP Rule 4(e)(3) requires the use of that procedure if service is to be made by mail.

Statutory service requirements, being in derogation of common law rights, must be strictly construed and compliance with them must be exact. *Edmonson* v. *Farris*, 263 Ark. 505, 565 S.W.2d 617 (1978). The same reasoning applies to service requirements imposed by Rules of Court. Proceedings conducted where the attempted service was invalid render judgments arising therefrom void *ab initio. Halliman* v. *Stiles*, 250 Ark. 249, 464 S.W.2d 573 (1971); *Edmonson* v. *Farris*, 263 Ark. at 508. In cases where judgments are void, proof of a meritorious defense is unnecessary. *Edmonson* v. *Farris*, 263 Ark. at 508.

Appellee's service of the summons and complaint in the instant case did not meet the requirements of ARCP Rule 4(e)(3). There was no evidence that appellee had directed the summons and complaint to be mailed with restricted delivery. Nor was there any evidence that appellant had specifically authorized, in writing, that L.D. Madden was to be his agent to receive mail. Consequently, the default judgment was void *ab initio*, and the trial court erred in denying appellant's motion to set it aside.

In the instant case, there was no evidence that appellant had actual knowledge of the proceedings against him prior to the entry of the default judgment. We note, however, that the outcome of this appeal would have been the same even if appellant had had actual knowledge. Actual knowledge of a proceeding does not validate defective process. *Tucker* v. *Johnson*, 275 Ark.

61, 628 S.W.2d 281 (1982). To the extent that the opinion in *Southern Paper Box Co.* v. *Houston*, 15 Ark. App. 176, 690 S.W.2d 745 (1985) conflicts with that rule, it is overruled.