Richard GREEN *v.* Kerry YARBROUGH

89-6                                              771 S.W.2d 760

Supreme Court of Arkansas
Opinion delivered June 12, 1989

*Williams & Brinton,* by: *Charles N. Williams,* for appellant.

*Jerome J. Paddock, Jr., P.A.,* for appellee.

DAVID NEWBERN, Justice. On March 13, 1985, the appellee Kerry Yarbrough filed a complaint against the appellant Richard Green alleging that Green had assaulted him and seeking personal injury damages. Yarbrough attempted to serve process pursuant to Ark. R. Civ. P. 4(d)(8)(A) which permits service upon an Arkansas resident by any form of mail addressed to the defendant with a return receipt requested and delivery restricted to addressee or agent. Green no longer resided in Arkansas. His sister, Sharon Green, signed the receipt, "Richard Green by SG." We hold the service was improper and thus the trial court erred in refusing to set aside the default judgment which had been entered based upon that service.

■■ As the motion to set aside the default judgment was not made until after 90 days from the date the judgment was entered, the trial court declined to set the judgment aside because Green had not shown a meritorious defense as required by Ark. R. Civ. P. 60(d). Rule 60 applies when the moving party attacks the service of process, presents evidence of a meritorious defense, and seeks to have a trial. That was our holding in *White* v. *Ray,* 267 Ark. 83, 589 S.W.2d 28 (1979). In that case we also pointed out that when a motion alleges that the judgment is void, and the challenge is based on what is now Ark. Code Ann. § 16-65-108 (1987), the movant who had no notice whatever of the suit against

him need not allege a meritorious defense to have it set aside, citing *Halliman* v. *Stiles*, 250 Ark. 249, 464 S.W.2d 753 (1971).

■ The *White* and *Halliman* cases, along with *Renault Central, Inc.* v. *International Imports of Fayetteville, Inc.*, 266 Ark. 155, 583 S.W.2d 10 (1979), imply that the person moving to have the judgment against him set aside for lack of proper service of process must show lack of actual knowledge of the service of process. In *Wilburn* v. *Keenan Companies, Inc.*, 298 Ark. 461, 768 S.W.2d 531 (1989), we made it clear that actual knowledge of a proceeding does not validate defective service of process. *See also Tucker* v. *Johnson*, 275 Ark. 61, 628 S.W.2d 281 (1982).

■ Green argues on this appeal that the process was not properly served. We agree because, as we wrote in *Wilburn* v. *Keenan Companies, Inc., supra*, the "agent" to whom Rule 4(d)(8) refers must be an agent appointed pursuant to the applicable postal regulations. Not only was Sharon Green not such an agent, the receipt she signed did not even suggest that she was, although the postman who made the delivery testified she convinced him she had authority to receive Richard Green's mail. She did not sign as Richard Green's agent. She merely signed his name and her initials.

Yarbrough's response to Green's argument that service was improper and thus the judgment was void is twofold. First, he contends Rule 4(d)(1) applies and the service is valid because it was left at Green's "dwelling house or usual place of abode with some person residing therein who is at least 14 years of age." That subsection of the rule does not apply for two reasons. This was service by mail which must be done in accordance with the separate provisions of Rule 4 regulating service by mail. Also, it was undisputed that the place where the mail was delivered was not then the "dwelling house or usual place of abode" of Richard Green.

Yarbrough's second argument is that Sharon Green was Richard Green's agent. As noted above, we settled that question in the *Wilburn* case.

Reversed and dismissed.