William H. COLE *v.* FIRST NATIONAL BANK of Fort Smith, Arkansas

90-156 800 S.W.2d 412

Supreme Court of Arkansas
Opinion delivered December 3, 1990

*Bethell, Callaway, Robertson & Beasley*, by: *Kenneth W. Cowan*, for appellant.

*Shaw, Ledbetter, Hornberger, Cogbill and Arnold*, by: *R. Gunner Delay*, for appellee.

Tom Glaze, Justice. This appeal concerns a procedural question about service of process. First National Bank, appellee, filed suit against William Cole, appellant, on a past due note on August 7, 1984. At that time, the appellant was living in Houston, Texas. The appellee served the summons and complaint by certified mail, return receipt requested, addressed to Mr. William Cole at a post office box in Houston. The mail receipt shows that it was signed by the appellant's step-daughter Jacqueline Cole on August 17, 1984. When the appellant failed to file an answer, default judgment was entered against him for approximately $42,200 on December 14, 1984.

On April 11, 1989, the appellant received a letter stating that his bank account was being charged with a setoff pursuant to a default judgment obtained against him. On November 8, 1989, appellant filed a motion to set aside the default judgment. In that motion, the appellant signed that he had never been personally served with process and had no notice, actual or constructive, of the proceedings against him until he received notification of the setoff on his bank account. The trial court denied the appellant's motion, and on appeal, appellant claims that denial was erroneous. He also claims appellee's cause of action should be dismissed with prejudice because it is now barred by the statute of limitations. While we agree with the appellant that the default judgment should be set aside, we dismiss the appellee's action without prejudice.

 To serve the appellant, then an out-of-state defendant, by mail, the appellee was required to follow ARCP Rule 4(e)(3). Rule 4 has been amended many times, but in 1984, when appellee attempted service, it provided the following:

> (e) Other Services: Whenever the law of this state authorized service outside this state, the service, when reasonably calculated to give actual notice, may be made:
> (3) By any form of mail addressed to the person to [be] served and requiring a receipt signed by the addressee or the agent of the addressee.[1]

We have held that "agent" as referred to in this rule must be an agent appointed pursuant to postal regulations. *Green v. Yarbrough*, 299 Ark. 175, 771 S.W.2d 760 (1989); *see also* Reporter's Notes to Rule 4. In addition, we have stated that statutory service requirements, being in derogation of common law rights, must be strictly construed and compliance with them must be exact. *Wilburn v. Keenan Cos.*, 298 Ark. 461, 768 S.W.2d 531 (1989).

 In the present case, the appellee's sole attempt at service was mailing a copy of the complaint and summons addressed to the appellant. The appellee received a return receipt

---

[1] We note that the current version of ARCP Rule 4(e) requires restricted delivery, but this was not a requirement under the rule in effect in 1984.

signed by the appellant's step-daughter, but there was no marking on the receipt in the boxes provided for "addressee" or "agent" located above her signature. There is no showing that the appellant appointed his step-daughter as his agent pursuant to postal regulations, and in fact there is an indication that the young woman was under the minimum age of fourteen for service at the time she signed the receipt. ARCP Rule 4(d)(1). Because the receipt was not signed by the appellant or his agent, the appellee's service failed to meet the requirements of Rule 4(e)(3).

■ In concluding that service was not made on the appellant, we now address the sufficiency of the appellant's motion to set aside appellee's default judgment. The appellee argues that even if service was not proper, the appellant's motion should not be granted because he did not raise a valid defense pursuant to ARCP Rule 60. Rule 60(d) provides that no judgment against a defendant shall be set aside under this rule unless the defendant in his motion asserts a valid defense to the action, and upon a hearing, makes a prima facie showing of such defense. Section 16-65-108, of Ark. Code Ann. (1987), however, provides that a judgment made by any court of the state against anyone without notice, actual or constructive, is null and void. We have held that in cases where judgments are void, no proof of a meritorious defense is necessary to set aside the judgment. *Lawson* v. *Edmondson*, 302 Ark. 46, 786 S.W.2d 823 (1990); *Green* v. *Yarbrough*, 299 Ark. 175, 771 S.W.2d 760 (1989); *see also* ARCP Rule 60(k). Thus, we conclude that appellant's motion is sufficient and should be granted.

While we agree that the trial court erred in denying the appellant's motion, we do not agree that the appellee's action is now barred under the statute of limitations. Under ARCP Rule 3, as amended in 1983, a civil action is commenced by filing a complaint with the clerk of the proper court who shall note thereon the date and precise time of filing. Pursuant to ARCP Rule 4(i), the plaintiff has 120 days after the filing of the complaint to serve summons on the defendant. If the service is not made within 120 days, the action against the defendant is dismissed without prejudice.

Here, the appellee timely filed its complaint on August 7, 1984. Appellee attempted service by mail, and the parcel was

received by appellant's step-daughter on August 17, 1984. Although we now hold in this appeal that appellee's service was improper, the trial court previously granted appellee a default judgment, finding that the appellant had been "personally served in the time and manner required by law."

■ Although the trial court erred in finding that proper service had been made on the appellant, the appellee should not now be penalized five years later by having its action barred by the statute of limitations. This is especially true in this situation where the trial court compounded its error when it denied the appellant's motion to set aside the default judgment, finding again that proper service had been made. The saving statute, Ark. Code Ann. § 16-56-126 (1987), is meant to apply in this situation. Under this provision, if any action is commenced within time, and the plaintiff suffers a nonsuit, or after a judgment for him the judgment is reversed on appeal, the plaintiff may commence a new action within one (1) year after nonsuit or when the judgment is reversed.

■ We have held that the saving statute should be given a liberal and equitable construction to secure that a class of litigants, who "from causes incident to the administration of the law, are compelled to abandon their present action, whether by their own act or the act of the court, when either would leave them a cause of action yet undetermined, by giving them a reasonable time in which to renew such action." *Coleman* v. *Young*, 256 Ark. 759, 510 S.W.2d 877 (1974).

An analogous situation to the present case is found in the early case of *L.R., M. R. & T. Ry.* v. *Manees*, 49 Ark. 248, 4 S.W. 778 (1887). In *Manees*, the plaintiff instituted his suit before a justice of the peace and obtained verdict and judgment against the defendant railroad company in the amount of $125. The verdict was affirmed by the circuit court, but on appeal to this court, we vacated the judgment and dismissed the action finding that the justice of the peace could not have jurisdiction over an injury claim to personal property over the amount of $100. When the plaintiff attempted to refile his claim against the railroad, the railroad company argued that his action was barred by the one year statute of limitations. Pursuant to the saving statute, the plaintiff refiled his suit and received judgment against the

railroad company. On appeal, we affirmed the trial court's reliance on the saving statute and stated the following:

> It cannot be said to be the policy of the State to encourage the citizen to take upon himself the task or the hazard of determining the validity of the proceedings of the courts. Simple and expeditious judicial remedies are provided to test their legality. It is not to be presumed that the framers of this remedial law, the only object of which was to relieve meritorious creditors, intended to invite the debtor, who had gone through all the forms of a trial in his cause in a judicial tribunal, and seen the result recorded in the form and with apparent effect of a binding judgment or decree, afterwards to take the law into his own hands and wholly disregard the court's proceedings. . . . It is more in consonance with the spirit of the legislation to presume that it was anticipated that every defendant, against whom an apparently binding judgment had been rendered, would seek to avoid it by the forms of law, as the railroad company did in this case, and that when so avoided, the judgment should be deemed arrested or reversed within the meaning of the act.

Applying the above language to the facts of the present case, the appellee had the right to rely on the trial court's award of a default judgment. The trial court found that the appellant was properly served, and it would be unfair to expect the appellee not to rely on this finding and believe that its action was timely commenced.

For the foregoing reasons, we reverse the trial court's decision denying appellant's motion to set aside appellee's default judgment and direct that appellant's action be dismissed without prejudice.

HAYS, J., dissents on the ground that the appellant should prove a meritorious defense.