Kenneth CONNALLY *v.* Catherine CONNALLY

CA 05-897                                    233 S.W.3d 168

Court of Appeals of Arkansas
Opinion delivered March 22, 2006

*Williams & Anderson, LLP,* by: *Peter G. Kumpe* and *Debra L. Williams,* for appellant.

*Davidson Law Firm, Ltd.,* by: *Matthew D. Wells* and *Charles Darwin "Skip" Davidson,* for appellee.

KAREN R. BAKER, Judge. This appeal is brought from the dismissal of a post-decree motion filed by appellant Kenneth Connally against his former wife, appellee Catherine Connally. The trial court ruled that Kenneth did not properly serve the motion on Catherine. Kenneth now appeals that ruling and argues that service was proper. We disagree and affirm.

The parties were divorced in 1997. Prior to entry of the divorce decree, they executed an agreement wherein Catherine would retain two particular business entities and would pay Kenneth forty-nine percent of the net sale proceeds if she sold them within five years. The agreement was "incorporated [into the divorce decree] but not merged" with it.

On June 11, 2004, Kenneth filed a motion to enforce the agreement using the caption and docket number of the 1997 divorce case. He alleged that Catherine had sold the aforementioned businesses and owed him at least $178,000, and he asked that she be ordered to account for the sale proceeds and pay all sums due him.

The certificate of service accompanying Kenneth's motion indicated that he mailed it to the attorney who had represented Catherine in the 1997 divorce. The attorney filed a response

asking that the motion be dismissed because Catherine was now a resident of Canada and did not consent to service in Arkansas or service upon her attorney. Thereafter, Kenneth attempted service by the three means that are the subject of this appeal: 1) by mail; 2) by commercial courier; 3) by personal service.

Service by mail was attempted on July 8, 2004, when Kenneth mailed the motion and accompanying papers to Catherine at her address in Toronto, Canada, via "Registered Mail Return Receipt Requested." Canadian Postal Service tracking information indicates that the mail was "successfully delivered" to the subject address on July 23, 2004; however, no postal receipt was available to show who signed for the package. The trial court rejected this attempt at service, after which Kenneth sent a renewed motion to Catherine's Toronto address by Federal Express. A tracking document shows that this package was delivered and signed for by someone named Juan.

Finally, Kenneth employed a Canadian process server to personally serve the renewed motion on Catherine. The server's affidavit recites that he attempted to serve Catherine between December 16, 2004, and January 7, 2005. According to him, he first went to Catherine's home address, which was a secured condominium. The guard telephoned Catherine's residence but received no reply; the server left his business card with the guard "requesting that [Catherine] contact me to arrange for delivery of legal documents." Next, the server telephoned Catherine at work and spoke with her personally. According to him, he identified himself and asked to "set up an appointment with herself such that I may effect service of the attached documents," and Catherine said that she would call him back, but she did not. Thereafter, the server went to Catherine's condominium complex on two more occasions and left his card requesting that she contact him for delivery of legal documents. Finally, he attempted to serve her at a work address that had been provided to him by Kenneth's attorney but, upon arriving, was advised that Catherine no longer worked there. The server concluded his affidavit by stating that he believed that Catherine was evading service.

On February 24, 2005, Catherine moved to dismiss Kenneth's renewed motion on the basis that it still had not been properly served on her. Following a hearing to resolve the issue, the trial court dismissed Kenneth's renewed motion due to insufficiency of service. Kenneth now appeals from that order.

Kenneth contends that his attempts at service by mail, commercial courier, and personal delivery complied with Rule 5 of the Arkansas Rules of Civil Procedure. Rule 5 governs service of papers filed subsequent to the complaint. Ark. R. Civ. P. 5(a) (2005). Generally, papers filed subsequent to the complaint are served on a party's attorney. Ark. R. Civ. P. 5(b)(1). However, if the action is one in which final judgment has been entered and the court has continuing jurisdiction, service shall be upon the party. *Id.* Rule 5(b)(3) sets out special requirements where, in a post-decree, continuing-jurisdiction case, service is made on a party by mail or commercial delivery:

> If a final judgment or decree has been entered and the court has continuing jurisdiction, service upon a party by mail or commercial delivery company shall comply with the requirements of Rule 4(d)(8)(A) and (C), respectively.

Although Rules 4(d)(8)(A) and (C) of the Arkansas Rules of Civil Procedure govern service of summonses and complaints, Rule 5(b)(3) does not require service by summons and complaint; rather, it requires service in the same manner or method as a summons and complaint. *Dickson v. Fletcher*, 361 Ark. 244, 206 S.W.3d 229 (2005).

For the purposes of our discussion, we will assume, as Kenneth does, that this was a case in which the trial court had continuing jurisdiction. Therefore, the question before us is whether he accomplished service on Catherine as required by Rule 5. We do not believe that he did.

Service on a party by mail under Rule 5(b)(3) must comport with Ark. R. Civ. P. 4(d)(8)(A) (2005), which permits service by any form of mail, addressed to the person to be served, with a return-receipt requested and delivery restricted to the addressee or his agent.[1] However, the record before us does not indicate that Kenneth mailed his motion to Catherine using restricted delivery, and, during oral argument, his counsel could not direct us to any evidence of such. Compliance with the service requirements of the Rules of Civil Procedure must be exact. *Wilburn v. Keenan Cos.*, 298 Ark. 461, 768 S.W.2d 531 (1989). If

---

[1] This rule governs service inside the state; however, Rule 4(e), which authorizes service outside the state, provides for service by mail as set forth in subsection (d)(8).

service by mail under Rule 4 is required to be made by restricted delivery, the failure to do so renders service invalid. *See Wilburn, supra; see also CMS Jonesboro Rehab., Inc. v. Lamb*, 306 Ark. 216, 812 S.W.2d 472 (1991) (holding that, even though restricted-delivery box was not checked on the mail card, service was valid where the mail was delivered just as if the box had been checked). In the case at bar, the restricted-delivery box was not checked, and there is no proof of *de facto* restricted delivery. Therefore, Kenneth's attempted service by mail did not comply with Rule 4(d)(8)(A), and, consequently, did not comply with Rule 5(b)(3). We therefore agree with the trial court that Kenneth did not properly serve Catherine by mail.[2]

Kenneth maintains, however, that, under Ark. R. Civ. P. 5(b)(2), service was "presumptively complete upon mailing." It is true that this language appears in Rule 5(b)(2). However, subsection (b)(2), which provides for service by regular mail, states that its provisions apply "except as provided in paragraph (3)." Thus, by its own terms, the presumption in Rule 5(b)(2) does not apply to the service requirements of Rule 5(b)(3).[3]

We turn now to Kenneth's contention that Catherine was served when Federal Express delivered the motion to a person named Juan. He again relies on language in Rule 5(b)(2) that service by a commercial delivery company is presumptively complete upon depositing the papers with the company. However, as we previously stated, that language does not apply when service is made pursuant to Rule 5(b)(3). Further, Kenneth's service did not comply with Ark. R. Civ. P. 4(d)(8)(C), as mandated by Rule 5(b)(3). Rule 4(d)(8)(C) provides that a commercial delivery package must be delivered to the addressee or her authorized agent and that "the signature of the defendant or agent must be obtained." We see no evidence in the record that Catherine signed for the package or that the person named Juan was Catherine's authorized agent, and, during oral argument, Kenneth's counsel

---

[2] Even though this reasoning was not used by the trial court, we may affirm the trial court if it is correct for any reason. *Fritzinger v. Beene*, 80 Ark. App. 416, 97 S.W.3d 440 (2003).

[3] We observe that the 1999 amendment to Rule 5, which added subsection (b)(3), apparently superseded the holding in *Office of Child Support Enforcement v. Ragland*, 330 Ark. 280, 954 S.W.2d 218 (1997), that a service of post-judgment motion is presumptively complete upon mailing. *See Finney v. Cook*, 351 Ark. 367, 94 S.W.3d 333 (2002); Ark. R. Civ. P. 5 Reporter's Notes, 1999 Amendment (2005).

could not direct us to any such evidence. We therefore agree with the trial court that Catherine was not served by commercial delivery.

Next, we address Kenneth's argument that Catherine was personally served by a process server. His argument actually centers on his claim that Catherine refused service from the process server.

Kenneth acknowledges that, when the process server attempted to serve Catherine at home and at work, he was unable to deliver the documents because Catherine was not present at the times of attempted delivery. This distinguishes the present case from *Riggin v. Dierdorff*, 302 Ark. 517, 790 S.W.2d 897 (1990), where, according to the supreme court, the defendant in fact refused to accept service, and *Valley v. Bogard*, 342 Ark. 336, 28 S.W.3d 269 (2000), where the process server saw the defendant through a window, made eye contact with him, announced that he had papers for him, and saw the defendant fall to his knees and crawl to the back of the house. Moreover, in both of those cases, following the refusal of service, the process server left the suit papers behind on the defendant's property. Here, the process server left only his business card.

Kenneth also claims that appellee's failure to make an appointment with the process server following the server's phone call constitutes a refusal of service. We first observe that Kenneth cites no authority for his claim that a refusal to make an appointment to meet someone claiming to be a process server constitutes a refusal of service. In any event, we are hesitant to hold that a refusal has occurred where the process server has never personally encountered the defendant, other than by telephone, or left any documents for her. Under the particular circumstances of this case, we cannot say that the trial court erred in determining that Catherine did not refuse personal service.

Finally, Kenneth contends that Catherine had actual notice of his filing the motion, as evidenced by her attorney's appearances contesting jurisdiction. We believe that the supreme court, by incorporating the service requirements of Rule 4 into Rule 5(b)(3), intended to adopt the spirit of Rule 4, in which actual knowledge does not validate defective service of process. *See Carruth v. Design Interiors*, 324 Ark. 373, 921 S.W.2d 944 (1996). We therefore conclude that, just as actual notice does not satisfy due process under Rule 4, it does not satisfy due process under Rule 5(b)(3).

For the foregoing reasons, we affirm the trial court's dismissal of Kenneth's motion due to improper service. Our holding makes it unnecessary to reach Catherine's argument that Kenneth was required to file a separate breach–of–contract action and serve it by means of a summons and complaint.

Affirmed.

PITTMAN, C.J., and ROBBINS, J., agree.