## J.F. VALLEY *v.* HELENA NATIONAL BANK

CA 06-1075                                        259 S.W.3d 461

Court of Appeals of Arkansas
Opinion delivered June 20, 2007

[Rehearing denied August 1, 2007.]

*Don R. Etherly*, for appellant.

*Roscopf and Roscopf, P.A.*, by: *Charles D. Roscopf*, for appellee.

SAM BIRD, Judge. J.F. Valley appeals from an order of the circuit court denying his motion to set aside a default judgment entered against him. Valley claims that the default judgment was void because he was not served in compliance with the Arkansas Rules of Civil Procedure. He argues that the circuit court erred as a matter of law in denying his motion and requests this court to reverse and remand. We agree with Valley's argument, and, accordingly, we reverse the circuit court's denial of his motion to set aside the default judgment.

On May 3, 2003, appellee Helena National Bank filed a complaint against Valley, alleging that Valley defaulted on a promissory note. The Bank served Valley by mailing a summons and complaint by certified mail, return receipt requested, restricted delivery to "Mr. J.F. Valley, 423 Rightor Street, Helena, AR 72342." The "green card" filed with the Bank's affidavit of service reflects two different signatures on the receipt. The box stating "Received by" contains the printed name of L. Danley; the signature box contains the signature of "L. Danley"; and the date next to these boxes is May 27, 2003. Neither the agent nor the addressee box was checked in the signature box. The signature of "J.F. Valley," along with the date May 29, 2003, was scrawled diagonally across the face of the green card but not within either the "Received by" or "Signature" boxes.

On August 22, 2003, the circuit court entered a default judgment against Valley. On October 17, 2003, Valley filed a motion to set aside the default judgment, alleging that service was never perfected because the summons and complaint were never served on him. Thereafter, in January 2006, multiple writs of garnishment were filed against Valley. On January 24, 2006, Valley filed a motion to quash the writs and supplemental motion to set aside the default judgment.

The circuit court held a hearing on March 16, 2006, on Valley's motion to set aside the default judgment. Valley testified that he never received the summons and complaint; that the summons and complaint were apparently delivered to and received by "L. Danley," whom he knew to be a secretary in the office building where he worked, on May 27, 2003; and that Ms. Danley did not work for him, was not his registered agent for service of process, and was not authorized to accept service for him. Valley said that he signed the receipt "somewhere away from the office . . . close to the post office going to check my P.O. Box" when a postal worker with whom he was familiar approached him and asked him to sign it. The postal worker told Valley that he had "messed up" and allowed someone else to "sign this package." Valley testified that he did not receive any papers from the postal worker when he signed the receipt. No other witness testified at the hearing.

On May 4, 2006, the circuit court entered an order denying Valley's motion to set aside the default judgment, finding "when J.F. Valley signed the return receipt on May 29, 2003, which had been signed by L. Danley on May 27, 2003, at the request of a

postal employee, that there was proper service." The trial court also found that Valley failed to comply with the Arkansas Rules of Civil Procedure by failing to file a brief with his motions to set aside the default judgment. Valley appealed.

The issue in this case is whether the circuit court erred in finding that Valley was properly served under Rule 4 of the Arkansas Rules of Civil Procedure. Because default judgments rendered without valid service of process are void, we review the circuit court's denial of the motion to set aside the judgment using a de novo standard. *Nucor Corp. v. Kilman*, 358 Ark. 107, 118, 186 S.W.3d 720, 727 (2004).

Service of process is necessary in order to satisfy the due-process requirements of the United States Constitution. *Meeks v. Stevens*, 301 Ark. 464, 466, 785 S.W.2d 18, 20 (1990). "Service" is defined in *Black's Law Dictionary* as the formal *delivery* of a writ, summons, or other process. *Black's Law Dictionary* 1399 (8th ed. 1999) (emphasis added). It is well settled that service-of-process requirements, being in derogation of common law rights, must be strictly construed and compliance with them must be exact. *See Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 921 S.W.2d 44 (1996). Further, default judgments are void due to defective process regardless of whether the defendant had actual knowledge of the pending lawsuit. *Nucor*, 358 Ark. at 119, 186 S.W.3d at 727.

Rule 4(d), which governs the available methods for effecting service, provides that "[a] copy of the summons and complaint shall be served together." Ark. R. Civ. P. 4(d) (2007). Section (d) states that "service shall be made upon any person designated by statute to receive service or as follows:" and lists the allowable methods of service. In this case, service was attempted under Rule 4(d)(8)(A), which provides in relevant part:

> (8)(A)(i) Service of a summons and complaint . . . may be made by the plaintiff or an attorney of record for the plaintiff by any form of mail addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or agent of the addressee. The addressee must be a natural person specified by name, and the agent of the addressee must be authorized in accordance with U.S. Postal Service regulations. . . .

> (ii) Service pursuant to this paragraph (A) shall not be the basis for the entry of a default or judgment by default unless the record contains a return receipt signed by the addressee or the agent of the

addressee .... Any such default or judgment by default may be set aside pursuant to Rule 55(c) if the addressee demonstrates to the court that the return receipt was signed or delivery was refused by someone other than the addressee or the agent of the addressee.

Ark. R. Civ. P. 4(d)(8)(A) (2007).

In *Wilburn v. Keenan Cos.*, 298 Ark. 461, 768 S.W.2d 531 (1989), appellant, a resident of Missouri, had been served by mail. However, contrary to the requirements of Rule 4(e)(3), which governs out-of-state service, the documents were not sent with instructions for "restricted delivery." An unknown person received the summons and signed on the line for the signature of an "agent." The court set aside a default judgment entered by the trial court and held that the service was defective because there was no evidence that the appellee had directed the summons and complaint to be mailed with restricted delivery and there was no evidence that the person *who received the documents* had been duly authorized to be appellant's agent.

In *Green v. Yarbrough*, 299 Ark. 175, 771 S.W.2d 760 (1989), plaintiff attempted to effect service under Rule 4(d)(8)(A) against Richard Green. The documents were accepted by Green's sister, Sharon, who signed the return receipt, "Richard Green by SG." The supreme court vacated the default judgment, holding that there was no evidence that Sharon was her brother's agent appointed pursuant to the applicable postal regulations.

In this case, the package was clearly addressed to J.F. Valley, and the return receipt indicates that the package was delivered to L. Danley, who signed in the "Signature" box on May 27, 2003. This situation would clearly be governed by the supreme court's decisions in *Wilburn* and *Green* but for one additional fact. The fact that was not present in *Wilburn* and *Green* that is present in this case is the fact that the card also contains a signature of Mr. Valley, the intended recipient, two days after the return receipt reflects that the documents were delivered to and received by L. Danley. The supreme court has not addressed this precise situation. *But see CMS Jonesboro Rehab., Inc. v. Lamb*, 306 Ark. 216, 812 S.W.2d 472 (1991) (stating that the object of Rule 4(d)(8)(A) is to give the defendant notice of the plaintiff's suit).

■ The green card indicates that the "Date of Delivery" of the mail was May 27, 2003, and that the mail was "Received by" L. Danley. This service on L. Danley was defective because L.

Danley was neither J.F. Valley nor an agent appointed by him according to the postal regulations as required by Rule 4. *See, e.g., Wilburn*, 298 Ark. at 463, 768 S.W.2d at 532. Absent evidence that he received the summons and complaint — which is not present in this case — Valley's signature across the return receipt two days later did not "cure" this defective service. Accordingly, we reverse the circuit court's denial of Valley's motion to set aside the default judgment.

The dissent suggests that, because "it does not take a lawyer (which Mr. Valley is) to know that if you sign a green card you are acknowledging receipt of something," Mr. Valley's signature on the card constitutes full compliance with Rule 4's service requirements. First, the fact that Valley was a lawyer has no bearing on whether the Bank complied with Rule 4's service requirements. Default judgments are void due to defective process regardless of whether the defendant had actual knowledge of the pending lawsuit. *Nucor*, 358 Ark. at 119, 186 S.W.3d at 727. In addition, Rule 4(d)(8)(A)(i) required "*delivery* restricted to the addressee" — that is, J.F. Valley.[1] The package was not delivered to J.F. Valley but to L. Danley. The dissent's statement that, because Valley signed the green card, "no further inquiry was necessary" improperly places the burden on Valley to prove that he did not receive service. This is simply not the law. The return of service is prima facie evidence that service was made as stated. *Lyons v. Forrest City Machine Works, Inc.*, 301 Ark. 559, 562, 785 S.W.2d 220, 222 (1990). The burden then shifts to the party claiming that service was not valid to overcome the prima facie case created by proof of service. *See Karnes v. Ramey*, 172 Ark. 125, 127, 287 S.W. 743 (1926). In this case, appellee never made a prima facie case. The proof of service proved that L. Danley was served on May 27, 2003. The burden remained on appellee to prove that Valley was properly served with a summons and complaint. Appellee failed to meet its burden.

Therefore, we reverse.

HART, GRIFFEN, GLOVER, HEFFLEY, and BAKER, JJ., agree.

GLADWIN, ROBBINS, and VAUGHT, JJ., dissent.

---

[1] No one suggests that L. Danley was an agent of Valley authorized in accordance with the U.S. Postal Service regulations.

L ARRY D. VAUGHT, Judge, dissenting. I believe that the
decision of the trial court denying the appellant's motion to
set aside the default judgment should be affirmed, and therefore, I
dissent. The return receipt/green card from the postal service contains
two signatures — L. Danley and J.F. Valley. Although the majority
reasons that service was complete, and defective, when Ms. Danley
signed the green card, I do not believe that we can ignore Mr. Valley's
signature.

I have found no cases from any jurisdiction in which service
was challenged where the evidence contained a green card with
two signatures; one of which was the party to be served. No case
cited by the majority involves a finding of defective service when
the addressee actually signed the green card. In *Wilburn v. Keenan
Cos.*, 298 Ark. 461, 768 S.W.2d 531 (1989), an unknown person
signed on the line of an "agent." In *Green v. Yarbrough*, 299 Ark.
175, 771 S.W.2d 760 (1989), the addressee's sister signed the
receipt "Richard Green by SG."

Rule 4(d)(8)(A)(i) of the Arkansas Rules of Civil Procedure
provides, in part:

> Service of a summons and complaint . . . may be made . . . by any
> form of mail addressed to the person to be served with a return
> receipt requested and delivery restricted to the addressee or agent of
> the addressee. The addressee must be a natural person specified by
> name, and the agent of the addressee must be authorized in
> accordance with U.S. Postal Service regulations . . .

Therefore, the service, as attempted, was proper, and the rule was
complied with by the appellee. Mr. Valley's signature, albeit dated
after Ms. Danley's, completes the requirements of Rule 4 and presents
evidence of service. The signature of Mr. Valley means something. It
does not take a lawyer (which Mr. Valley is) to know that if you sign
a green card you are acknowledging receipt of something — even if
someone else has also signed the green card. The majority asserts that
the postal service delivered the package to Ms. Danley. This blatant
finding of fact is not established by any evidence in the record.
Neither the postal worker nor Ms. Danley testified. The only evi-
dence arguably in support of delivery is her signature on the green
card, and the signature of someone other than the addressee is of no
value when the addressee himself has signed the card. Whatever
significance you may give to Ms. Danley's signature, when Mr. Valley

signed the green card there was compliance with Rule 4. The court correctly found that the Rule was satisfied and that Mr. Valley had been served.

Rule 4(d)(8)(A)(ii) provides:

> Service pursuant to this paragraph (A) shall not be the basis for the entry of a default or judgment by default unless the record contains a return receipt signed by the addressee or the agent of the addressee
> . . .

The return receipt was signed by the addressee, Mr. Valley, therefore, a default judgment was appropriate. Rule 4(d)(8)(A)(ii) further provides:

> Any such default or judgment by default may be set aside pursuant to Rule 55(c) if the addressee demonstrates to the court that the return receipt was signed or delivery was refused by someone other than the addressee or the agent of the addressee.

I interpret this subsection of the rule to be applicable only when the addressee's signature does not appear on the green card. In this case, the signature was there, and no further inquiry was necessary. However, if this subsection is to be considered, it merely sets up a question of fact, which the trial court resolved against Mr. Valley. We do not reverse the trial court on a question of fact unless it is clearly erroneous. Certainly in this case, I am not left with a definite and firm conviction that a mistake has been made. *See Hodge v. Hodge*, 97 Ark. App. 217, 245 S.W.3d 695 (2006). Because I would affirm the trial court, I dissent. I am joined in this opinion by Judges Gladwin and Robbins.