Cite as 2020 Ark. App. 103

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-19-350

|  |  |
|---|---|
|  | **Opinion Delivered** February 12, 2020 |
| TRAVIS THOMAS<br>APPELLANT | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CV-16-610] |
| V. |  |
| PHYLLIS ROBINSON AND SYLVESTER ROBINSON | HONORABLE ROBERT H. WYATT, JR., JUDGE |
| APPELLEES | AFFIRMED |

## BRANDON J. HARRISON, Judge

Travis Thomas appeals the Jefferson County Circuit Court's order granting his motion to dismiss a complaint filed by Phyllis and Sylvester Robinson. The court dismissed the complaint without prejudice; Thomas asserts that the complaint should have been dismissed with prejudice. We affirm the circuit court's order.

The genesis of this case is a car accident that occurred on 27 September 2014, wherein Phyllis Robinson was injured after her car was rear-ended by Jaylan Haskin, who had been rear-ended by Travis Thomas. This court has previously explained the relevant underlying facts:

On 21 September 2016, the Robinsons filed a complaint against Jaylan Haskin and Travis Thomas. (Jaylan Haskin was dismissed from the case and is not a party to this appeal.) A summons was prepared that same day. In January 2017, the Robinsons moved for more time to serve legal process and explained that the summons had been "diligently provided to a process server who has diligently attempted to obtain service but cannot locate that Defendant." They asked for an additional 120 days to serve Thomas, which

the court granted. On January 25, the Robinsons' counsel filed an affidavit for warning order that stated:

> 1. I am attorney for the Plaintiff and am licensed to practice law in the State of Arkansas.
>
> 2. Plaintiffs engaged the services of a process server to obtain service on Defendant. The professional process server attempted service on numerous occasions but has been unable to locate the Defendant. See attached Exhibit A, non-est return of service.
>
> 3. After a diligent inquiry, the whereabouts of the Defendant, Travis Thomas, remain unknown.
>
> 4. Therefore, a Warning Order should be issued for this Defendant and duly published.

The record reflects, and the parties do not dispute, that no exhibit was filed with the affidavit although paragraph 2 indicated that an exhibit was attached to the affidavit.

In due course the clerk issued a warning order. Thereafter, the Robinsons filed a second affidavit that recited (1) the warning order had been published in the time and manner required by law, and (2) a restricted-delivery mailing of the summons, complaint, and warning order to Thomas's last-known address had been "returned to sender" marked as "attempted–not known" and "unable to forward."

After Thomas did not answer the complaint within thirty days of the warning order's first publication, the Robinsons moved for a default judgment against Thomas and asked the circuit court to find Thomas liable for the reasons alleged in the complaint. The court entered a default judgment. Thomas answered the Robinsons' complaint (in early October 2017) and denied that he acted negligently or caused any harm to the Robinsons.

The Robinsons moved to strike Thomas's answer as untimely. Thomas then moved to set aside the default judgment, citing insufficient service of process. He specifically argued that the Robinsons did not make the obligatory diligent inquiry into his whereabouts as Ark. R. Civ. P. 4(f) requires. He pointed out that the affidavit failed to provide details of the attempted service effort, including the address or addresses at which service was attempted; nor did the affidavit explain any further attempts to locate Thomas. The Robinsons stood on the affidavit but attached to their response the return of service in which the process server stated, "Non-Est unable to

2

locate defendant. Last known addresses which were no longer good were 66 Cypress Dr. Pine Bluff AR 71603 and 4400 Union Ave Apt 9 Pine Bluff Arkansas. No other addresses were found for the defendant."

*Thomas v. Robinson*, 2018 Ark. App. 550, at 1–3, 562 S.W.3d 905, 907.

The circuit court denied the motion to set aside and granted the Robinsons' motion to strike Thomas's answer as untimely. Thomas appealed to this court, and we reversed and remanded, holding that the diligent-inquiry affidavit the Robinsons filed to support their warning-order effort was insufficient. Our opinion stated, "Insufficient service of process can void a judgment; and a void judgment can in turn be set aside. We therefore reverse the circuit court's order . . . and remand for further proceedings consistent with this opinion." *Thomas*, 2018 Ark. App. 550, at 7, 562 S.W.3d at 910.

Upon remand, Thomas moved to dismiss the Robinsons' complaint with prejudice, arguing that the Robinsons had failed to obtain valid service on him, that the time to do so had long since expired, and that the lawsuit must therefore be dismissed as a matter of law. The Robinsons denied that the dismissal should be with prejudice, asserting that the circuit court had previously found that they completed proper service on Thomas, and "[a]lthough this finding was later reversed on appeal, under Arkansas law it triggers the protection of the savings statute and precludes Defendant's request for dismissal with prejudice." The Robinsons also argued that dismissal should be without prejudice because "the record establishes that Plaintiffs, regardless of any prior service-related finding, timely completed the steps for service by Warning Order, even if one of their steps was later determined to be imperfect." In reply, Thomas insisted that this was not one in which service was completed and was later found to be defective. "Instead, Plaintiff's [sic] simply filed an

3

insufficient and defective Affidavit for Warning Order and proceeded to claim service upon the Defendant without complying with the requirements for service of process or completing service upon Defendant." On 12 February 2019, the circuit court issued a three-sentence order that granted Thomas's motion to dismiss without prejudice. Thomas now appeals the circuit court's order.

When issues turn on court rules and precedents about commencement of service, which are issues of law, our review is de novo. *Clouse v. Ngau Van Tu*, 101 Ark. App. 260, 274 S.W.3d 344 (2008). Service of valid process is necessary to give a court jurisdiction over a defendant. *City of Tontitown v. First Sec. Bank*, 2017 Ark. App. 326, 525 S.W.3d 18. Our service rules place "an extremely heavy burden *on the plaintiff* to demonstrate that compliance with those rules has been had." *Williams v. Stant USA Corp.*, 2015 Ark. App. 180, at 3, 458 S.W.3d 755, 758 (citing *Brown v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 201, at 4 (emphasis in original)).

Rule 4(i)(1) of the Arkansas Rules of Civil Procedure provides, "If service of the summons and a copy of the complaint is not made on a defendant within 120 days after the filing of the complaint or within the time period established by an extension granted pursuant to paragraph (2), the action shall be dismissed as to that defendant without prejudice on motion or on the court's initiative." Ark. R. Civ. P. 4(i)(1). However, Rule 4(i) must be read in conjunction with other procedural rules, such as the statute of limitations, and the dismissal–without–prejudice language in Rule 4(i) does not apply if the plaintiff's actions are otherwise barred by the running of the statute of limitations. *McCoy v. Montgomery*, 370 Ark. 333, 259 S.W.3d 430 (2007).

4

Rule 4(f)(1) authorizes service by warning order if it appears from the affidavit of a party or his or her attorney that "after diligent inquiry, the identity or whereabouts of a defendant remains unknown." Ark. R. Civ. P. 4(f)(1). Affidavits that are conclusory and contain no indication of what steps were taken as part of the required "diligent inquiry" are insufficient under the Rule. *See XTO Energy, Inc. v. Thacker*, 2015 Ark. App. 203, 467 S.W.3d 161. The burden is on the moving party to demonstrate to the court that he or she actually attempted to locate the defendant. *Morgan, supra*.

Thomas argues that because there was no service within the service period, dismissal of the complaint is mandatory, and a dismissal should be with prejudice because the statute of limitations has run. He distinguishes this case from *Cole v. First National Bank of Ft. Smith*, 304 Ark. 26, 800 S.W.2d 412 (1990), which the Robinsons cited to support their argument that the savings statute applies. In *Cole*, the Arkansas Supreme Court held that the plaintiff had completed service for purposes of the savings statute when it sent the complaint and summons by certified mail addressed to the defendant at his post office box, and the defendant's stepdaughter accepted service and signed the return receipt. Although the circuit court found that service had been perfected, the Arkansas Supreme Court held that the defendant's stepdaughter was not his agent and thus service had not been perfected. Nevertheless, the Arkansas Supreme Court held that the savings statute applied; under that provision, "if any action is commenced within time, and the plaintiff suffers a nonsuit, or after a judgment for him the judgment is reversed on appeal, the plaintiff may commence a new action within one (1) year after nonsuit or when the judgment is reversed." *Id*. at 30, 800 S.W.2d at 414–15 (citing Ark. Code Ann. § 16-56-126 (1987)).

5

Thomas argues that *Cole* is distinguishable because here, the affidavit and the default order were drafted by the Robinsons' attorney; thus, "the errors in those documents were created by the Appellees, not by independent findings of the trial judge as in *Cole*." Thomas contends that the defects in the warning order "should have been obvious to the drafter when the affidavit was drafted in June 2017." Thomas also asserts that *Cole* differs from this case because in *Cole*, there was an actual attempt at service by personal delivery of a mailed summons with a return receipt. But here, the parties admitted that they never achieved personal service and that they "then relied on their own patently defective affidavit to procure a warning order."

Thomas denies that this case involves "completed but imperfect" service and likens the situation to *McCoy v. Robertson*, 2018 Ark. App. 279, 550 S.W.3d 33. In *McCoy*, the circuit court dismissed a medical-malpractice claim with prejudice, and this court affirmed, holding that while the return of service is prima facie evidence that service was made as stated, there was "simply no proof of timely service presented to support McCoy's claim that the doctors had been served." *Id*. at 14, 550 S.W.3d at 40. No green cards had been returned for three of the doctors, and the one green card that was returned had been signed by someone not proved to be the doctor's agent for service. Thomas argues that the Robinsons likewise failed to make a prima facie case of service.

Finally, Thomas tries to distinguish *Clouse*, *supra*, in which the circuit court found, and this court affirmed, that the plaintiff's lawsuit against his former chiropractor had been commenced by plaintiff completing timely but defective service of his complaint and summons; thus, the savings statute applied. The *Clouse* opinion made clear that there are

6

two alternatives: either there is no service at all, in which case the savings statute is not triggered; or there is timely but imperfect service, in which case the savings statute applies. Thomas insists that cases permitting invocation of the savings statute have involved attempts at personal service by process server or certified mail, except *Cole*, which involved a party's reliance on findings independently made by the court.

The Robinsons respond by asserting two undisputed facts: (1) they completed each step for serving Thomas via the warning order and made a prima facie case as to proof of service, and (2) prior to the expiration of the statute of limitations, the circuit court found the Robinsons' service was proper and entered a default judgment. They argue that based on those facts and established law, the circuit court properly dismissed the complaint without prejudice. The Robinsons contend that this is the exact situation in which the savings statute is meant to apply—when a default judgment is entered but later reversed on appeal. *See Rettig v. Ballard*, 2009 Ark. 629, at 4, 362 S.W.3d 260, 262 ("The savings statute reflects the General Assembly's 'intent to protect those who, although having filed an action in good faith and in a timely manner, would suffer a complete loss of relief on the merits because of a procedural defect.'" (quoting *Linder v. Howard*, 296 Ark. 414, 417, 757 S.W.2d 549, 551 (1988))). The Robinsons also cite *Cole*'s statements that "the appellee had the right to rely on the trial court's award of a default judgment. The trial court found that the appellant was properly served, and it would be unfair to expect the appellee not to rely on this finding and believe that its action was timely commenced." *Cole*, 304 Ark. at 31, 800 S.W.2d at 415.

In reply, Thomas continues to insist that the Robinsons never achieved any kind of service on him and asserts that "[n]one of the cases accepting the '*defective service*' excuse have involved service by warning order." (Emphasis in original.) He also cites a recent court of appeals case in which we affirmed the circuit court's decision to set aside a default judgment and dismiss the complaint with prejudice, even though there had been multiple attempts at service. *Eliasnik v. Y & S Pine Bluff, LLC*, 2018 Ark. App. 138, 546 S.W.3d 497. But in that case, the circuit court found that the service attempts were not made in good faith; we have no such finding in this case.

We hold that Thomas's attempts to distinguish *Cole* and *Clouse* are unpersuasive. The Robinsons timely filed their complaint and served Thomas via warning order, and "[w]hen a plaintiff files his case during the limitations period, and serves it promptly but imperfectly under Rule 4, if the limitations period has expired then he deserves the grace period provided by our savings statute to refile his case and serve it properly." *Clouse*, 101 Ark. App. at 266–67, 274 S.W.3d at 348 (citing *Cole, supra*). We therefore affirm the circuit court's decision to dismiss the complaint without prejudice.

Affirmed.

GLADWIN and WHITEAKER, JJ., agree.

*Smith, Williams, Hughes & Meeks, LLP*, by: *Gene Williams*, for appellant.

*Bridges, Young, Matthews & Drake, PLC*, by: *John P. Talbot*, for appellees.